GRATOPP *v*. CARDE STAMPING & TOOL CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIABILITY INSURANCE—ONE INSURER ONLY.

When an employer adopts the method of carrying his risk in an insurance company, the statute (Act No. 64, Pub. Acts 1919, part 4, § 1) contemplates that he shall insure all his liability for all of his businesses in one insurance company, not two or more.

2. SAME—CANCELLATION OF POLICY—REINSURANCE—WHEN EFFECTIVE—STATUTE.

Where an insurance company canceled its liability insurance policy on July 6th, notice of which was received by the industrial accident board on July 19th, and on July 6th insured received a policy from another insurance company dated July 1st, from which date it received the premium, the latter company is liable for industrial accidents to insured's employees on July 7th, 9th, 13th, and 16th, notwithstanding said statute (Act No. 64, Pub. Acts 1919, part 4, § 1, subd. f) provides that the cancellation of a policy shall not be effective as far as employees of insured are concerned until 10 days after receipt of such notice, since said provision is for the benefit of the employees of insured by affording time to the employer to procure other insurance, and was not intended to relieve another insurer where there was no lapse.

Certiorari to Industrial Accident Board.   Submitted November 1, 1921.   (Docket Nos. 77-80.)   Decided December 21, 1921.

Herman Gratopp, Minnie O'Connor, Kenneth Davis, and Noel Moon presented claims for compensation against the Carde Stamping & Tool Company for accidental injuries in defendant's employ.   The Employers' Liability Assurance Corporation, Limited, and the General Accident, Fire & Life Assurance Corpora-

.tion, Limited, were named as insurers.    From an order awarding compensation against the General Accident, Fire & Life Assurance Corporation, Limited, it brings certiorari.    Affirmed.

*Kerr & Lacey,* for appellant.

*Frederick T. Witmire,* for Employers' Liability Assurance Corporation, Limited.

*Cook & Cook,* for Carde Stamping & Tool Co.

CLARK, J.    The four plaintiffs suffered accidental personal injuries arising out of and in the course of their employment with the defendant employer. · The cases have been consolidated.    The accidents were on July 7th, 9th, 13th and 16th, 1920.    The question is, Which of the defendant insurance companies should pay compensation?    The Employers' Liability Assurance Corporation, Limited, hereinafter called the Employers', was on the risk prior to July 6th, when it canceled its policy and on July 17th wrote thereof to the industrial accident board.    The letter was received July 19th.    The board replied that the policy would become terminated 10 days following the receipt of the notice, this in accordance with section 1, part 4, Act No. 64, Pub. Acts 1919.

On July 6th, the General Accident, Fire & Life Assurance Corporation, Limited, hereinafter called the General Accident, issued to the employer its policy carrying the risk,   dated July 1st, was paid the premium, and filed on July 15th its notice of acceptance with the board.    On July 27th, the General Accident gave notice to the board that it was on that day giving to the employer notice of cancellation of its policy, and on that day the board gave notice to the employer to show cause why its acceptance under the act should not be revoked.

On July 28th, the board received a letter from the Employers' that its letter of July 17th was error and that it had issued a new policy as of July 6th, covering the risk and its certificate to that effect dated July 28th was filed with the board July 29th.   But another certificate was filed by the Employers' dated August 6th and it was said in a letter of October 7th that by an error such policy was written to date from July 6th instead of August 6th.

The board found that for carrying the risk during the period in question, the General Accident received the premium and the Employers' did not and awarded compensation to be paid by the General Accident and it has brought the case here for review.   The facts found by the board are here conclusive.

Section 6 of part 1 of the act requires the employer, in making his election to come under the act, to designate one of the four methods provided by section 1 of part 4 of the act, for payment of compensation. The employer having designated the method and having named the Employers' as the company carrying the risk and having had his election and designation duly approved by the board, was not required to have another election, designation and approval in order to accomplish a change of insurers.   The change should be to a company legally entitled to make the contract. When an employer adopts the method of carrying his risk in an insurance company, the statute contemplates that he shall insure all his liability for all of his businesses in one insurance company, not two or more.

A condition of such insurance policy required by section 1 of part 4 of the act is:

"That it will file with the industrial accident board, at Lansing, Michigan, at least ten days before the taking effect of any termination or cancellation of this contract or policy, a notice giving the date at which

it is proposed to terminate or cancel this contract or policy; and that any termination of this policy shall not be effective as far as the employees of the insured covered are concerned until ten days after such notice of such proposed termination or cancellation is received by the said industrial accident board."

It is because of this section that counsel for the General Accident seek to place the liability for the accidents upon the Employers'.   This provision is for the benefit of the employee by affording time to an employer to procure other insurance to replace that canceled.   It will not be construed to hold a company which has canceled its policy where the employer has permitted no lapse but has at once provided another insurer, as was done here.   The General Accident was on the risk during the time in question.   It accepted the premium.   It filed its acceptance with the board. It should pay.   See *Brown* v. *Bouschor*, 207 Mich. 594.

The award is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.