LAURA V. EURICH *v.* GENERAL CASUALTY
AND SURETY COMPANY.

WALTER E. ALLEN ET AL. *v.* GENERAL CASUALTY
AND SURETY COMPANY.

*Workmen's Compensation—Cancellation of Insurance—Notice
to Commission.*

The provision of the act that no contract or insurance issued against liability arising thereunder shall be cancelled within the time limited in such contract for its expiration, until ten days after notice of intention to cancel is filed with the commission, did not apply where the policy was cancelled at the insured's suggestion with the insurer's consent, a new policy was at once issued, and notice of its issuance and acceptance given to the Industrial Accident Commission prior to the happening of the accident.                    pp. 212-214

The refusal of an issue as to whether an insurance company, which had issued a policy to the employer, had given notice to the Industrial Accident Commission of its intention to cancel its policy as by statute required, was proper when it was covered by another issue, which was granted, whether the policy

of that company was effective on the risk in question at the
time of the accident.                                          p. 215

A conclusion of the court, sitting as a jury, based solely upon
facts, and in relation to which there was no ruling upon any
question of law, cannot be reviewed by the Court of Appeals.
pp. 215, 216

*Decided January 27th, 1927.*

Appeals from the Superior Court of Baltimore City
(ULMAN, J.).

Claim by Laura V. Eurich against Walter E. Allen, em-
ployer, the General Casualty Company, insurer, and the
Georgia Casualty Company, insurer. From a judgment in
favor of the claimant against the employer and the last
named insurer and from a judgment in favor of the first
named insurer, the claimant appeals, and the employer and
the last named insurer also appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, and PARKE, JJ.

*W. Conwell Smith,* with whom was *Joseph L. Donovan*
on the brief, for the claimant, appellant.

*Edward L. Ward,* with whom was *Edwin W. Wells* on the
brief, for the Georgia Casualty Company, appellant.

*Walter L. Clark* and *Roszel C. Thomsen,* with whom was
*Oliver Y. Harris* on the brief, for the General Casualty and
Surety Company, appellee.

PATTISON, J., delivered the opinion of the Court.

Clarence E. Eurich, an employee of Walter E. Allen, was
killed on the 25th day of December, 1924. Allen at that time
was engaged in road construction work in Howard County,
and Eurich was employed by him as fireman of the boilers

used in connection with that work. Eurich, whose duty it
was to keep the fires going, left his home Christmas morning
in his automobile to go to the location of the boilers, which
was four miles away. In going over the concrete road, upon
which there was ice, his car skidded and came in contact with
a telephone pole, which caused his death.

On December 30th, 1924, Allen, the employer, filed with
the State Industrial Accident Commission his report of the
accident to Eurich, resulting in his death, naming the Georgia
Casualty Company as his insurer. And Laura V. Eurich,
the widow, on January 5th, 1925, filed her claim for com-
pensation. A policy of insurance had been issued to Allen by
the General Casualty and Surety Company on the 13th day
of August, 1924, and though notice of its cancellation had
been given to the commission, it was shown by its records
that such cancellation was not to become effective until
January 8th, 1925, which was after the accident had hap-
pened.

At the request of the attorneys of both companies, a hear-
ing on the claim was had by the State Industrial Accident
Commission, and an order was passed on March 21st, 1925,
awarding compensation and holding that both the Georgia
Casualty Company and the General Casualty and Surety
Company were insurers of Allen.

Appeals were taken from this order by both companies and
the consolidated cases were tried by Judge Ulman in the
Superior Court of Baltimore City, sitting without a jury.

At the trial of the case in the Superior Court, the Georgia
Casualty Company asked for the following issues:

First, Did the death of Clarence E. Eurich on December
25th, 1924, result from an accidental injury, which arose
out of and in the course of his employment?

"Second, Had the General Casualty and Surety Company
given notice to the State Industrial Accident Commission of
its intention to cancel its policy as by statute required?

"Third, Was the policy of the General Casualty and Surety
Company effective on this risk at the time of the accident on

December 25th, 1924, when the death of Clarence E. Eurich occurred?"

The court granted the first and third issues, answering the first issue "Yes" and the third issue "No," but refused to grant the second issue.

The General Casualty and Surety Company filed certain issues, which were withdrawn, and the issues filed by the claimant were not called to the attention of the court and consequently were not acted upon.

Two prayers offered by the General Casualty and Surety Company, known as its first and third prayers, were granted. As a result of the aforesaid answers to the issues, the court entered a judgment in favor of the claimant Laura V. Eurich, widow, against Walter E. Allen, employer, and the Georgia Casualty Company, insurer, and also entered a judgment in favor of the General Casualty and Surety Company for costs. From this action of the lower court two appeals have been taken to this Court, one by Laura V. Eurich, claimant, and the other by Walter E. Allen, employer, and the Georgia Casualty Company, insurer, the General Casualty and Surety Company being the appellee in both appeals. The chief question presented by these appeals is whether there was any insurance, issued by the General Casualty and Surety Company to Allen, in force at the time of the accident resulting in Eurich's death.

In the early part of December, the vice-president of the General Casualty and Surety Company came to Baltimore to take up with the Tweeddale Company, its agent in that city, the adjustment of a number of items, including the payment of the premium due upon the Allen policy. Tweeddale, who was also agent of the Georgia Casualty Company, when asked by said vice-president if he would advance the unpaid premium on the Allen policy, said he would see William C. Dittman, the broker upon whose application the policy had been issued, concerning the payment of the premium. When seen, Dittman refused to advance the payment of the premium and suggested that a new policy be written,

and as stated by both Tweeddale and Dittman, a new policy
in the Georgia Casualty Company was, on the 13th day of
December, 1924, written and delivered to Dittman, the
broker of Allen, who, it seems, had a blanket authority from
Allen to keep him insured, but Dittman did not deliver the
policy to Allen until after the accident, as he "had no occa-
sion to go to Allen's" before its happening, but when seen by
him, he delivered to Allen the new policy and received from
him the old one, with a letter Allen had received from the
assistant secretary of the General Casualty and Surety Com-
pany, dated the 24th day of December, 1924, in which he
was told that the policy of that company was cancelled for
non-payment of premium—"Cancellation effective of the 5th
day of January, 1925." At the time this letter was written,
it was not known to the writer that the policy in the General
Casualty and Surety Company had been rewritten, on Decem-
ber 13th, 1924, in the Georgia Casualty Company.

Upon the issuance of the policy by the Georgia Casualty
Company, its general eastern agents, Lowndes & Lowndes, of
Baltimore City, notified the State Industrial Accident Com-
mission that their company had, on the 13th day of December,
1924, become the insurer of Allen.

It is contended by Allen and the Georgia Casualty Com-
pany, the appellants in the second of these appeals, that,
upon the facts stated, the policy issued to Allen by the
General Casualty and Surety Company on August 13th,
1924, was still in force at the time of the accident, and in
support of their contention, they rely largely upon the statute
(article 101, section 30, Bagby's Code of 1924), which was
made part of the policy, and which provides that "No con-
tract of insurance issued by a stock company or mutual
association against liability arising under this article, shall
be cancelled within the time limited in such contract for its
expiration until at least ten days after notice of intention to
cancel such contract, on a date specified in such notice, shall
be filed in the office of the commission and also served on the
employer."

On the other hand, it is contended by the appellee, the General Casualty and Surety Company, that the notice of cancellation required by the above quoted provision of the statute need not be given where the policy is cancelled upon the agreement of the insurer and the insured, and a new policy written at the time, to take its place, as was done in this case; that, in such case, the cancellation by the parties is effective at the time the new policy, substituted for the old, becomes effective.

It may be said that the chief controversy in this case, which is between the two insurance companies, is whether the loss shall be borne by both companies, or by the Georgia Casualty Company, the undisputed insurer of Allen. Upon this question they alone are interested, as Allen will be paid, whatever may be the answer to such question, if the accident arose out of and in the course of Eurich's employment.

The purposes of the statute, as claimed by the appellee, are (1) "To prevent the insurance company from cancelling its policies and leaving the insured without insurance. (2) To enable the commission to compel the employer to take out new insurance, so that he shall not at any time be without insurance, with a carrier approved by the board."

In *Gratopp v. Carde Stamping and Tooling Co.,* 216 Mich. 355, the Supreme Court of Michigan, in discussing a similar provision of the Workmen's Compensation statute of that state, said: "It will not be construed to hold a company which has cancelled its policy, where the employer has permitted no lapse, but has at once provided another insurer."

In Supplement 3 to *R. C. L.,* page 329, it is said: "The mischief sought to be remedied by an act requiring notice of cancellation is that resulting from terminating the policy without according the assured ample time within which to negotiate for other insurance in its stead. *Warren v. Franklin F. Ins. Co.,* 161 Iowa, 640."

Tweeddale, the agent of both the General Casualty and Surety Company and the Georgia Casualty Company, Dittman, the broker of Allen, the insured, who was clothed with

the power to act for him in all matters of insurance, and Allen, himself, all treated the policy of the General Casualty and Surety Company as cancelled upon the issuance and acceptance of the Georgia Casualty Company's policy. This is shown not only by their declaration, but by their acts as well. Tweeddale, upon learning of the accident, officially reported it to the Georgia Casualty Company, as the insurer of Allen, but made no such report to the General Casualty and Surety Company. Dittman delivered the Georgia Casualty Company's policy to Allen and took up the General Casualty and Surety Company's policy, and Allen, in his report, as employer, to the commission, named and recognized the Georgia Casualty Company as his sole insurer. It may also be said that no premium was ever paid to the General Casualty and Surety Company for the period subsequent to December 13th, but for such time it was paid only to the Georgia Casualty Company.

The above quoted provision of this act should not be held controlling in this case, where, at the suggestion of the insured, with the consent of the insurer, the policy was cancelled, a new policy at once issued, and notice of its issuance and acceptance given to the Industrial Accident Commission prior to the happening of the accident; but if it were held that the statute contemplated the giving of such notice in all cases, then in this case the notice was waived by the insured, for whose benefit this provision was inserted in the act.

The only prayers offered in the case were those offered by the appellee; and its granted prayers, which are consistent with the views we have expressed, in our opinion, properly present the law of the case. Nor was there any error in the action of the court in refusing the second issue of the Georgia Casualty Company. It was subordinate to and fully covered by its third issue, which was allowed.

The exceptions taken to the court's rulings on the evidence have all been abandoned. The only other exception is the one taken to the conclusion of the court, sitting as a jury, expressed in its answer to the first issue of the Georgia Casualty

Company. This conclusion, which is based solely upon facts, and in relation to which there is no ruling of the court upon any question of law, cannot be reviewed by this Court on appeal.

As we find no error in any of the rulings of the court, the judgments appealed from will be affirmed.

> *Judgment affirmed in each of the cases, with costs to the appellee.*