LIBERTY MUTUAL INSURANCE COMPANY *v.*
UNITED STATES FIDELITY &
GUARANTY COMPANY.

[No. 88, October Term, 1932.]

118

*Decided January 19th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Rignal W. Baldwin, Jr.,* with whom were *Harold Tschudi* and *Semmes, Bowen & Semmes* on the brief, for the appellant.

*Robert D. Bartlett,* with whom was *V. Calvin Trice* on the brief, for the United States Fidelity & Guaranty Company, appellee.

Bond, C. J., delivered the opinion of the Court.

The controversy on this appeal is between two insurers of an employer, on a question of applicability of the policy of one insurer to payment of compensation for the death of·an employee, Parks. Code, Supp. 1929, art. 101. Milford Nathan, of Cambridge, Dorchester County, and proprietor of a retail store there, maintained branch stores in Salisbury, Wicomico County, and in Seaford, in the State of Delaware. Parol testimony taken on behalf of the claimant tended to prove that the books of all three stores were kept at Cambridge, but kept separately, for the information of Nathan. Accounts in some form were kept at the branch stores, however, and Parks, who lived in Cambridge, and had his headquarters there, was employed by Nathan to go out and check up these accounts at the separate stores. His salary and expenses while working at a particular store were regularly charged up as an item of expense on the pay roll of that store. He had finished a week's work at the Salisbury store, and was returning to his home in Cambridge, when he was struck by a railroad train at a crossing, and killed. His salary and expenses were charged against the Salisbury store for the week, and, as an item on the pay roll of that store,· entered into the basis of the premium charge under the policy covering specifically the Salisbury store.

One of Nathan's workmen's compensation policies, issued by the Liberty Mutual Company, by its terms covered workmen at "High Street, Cambridge, Maryland, and elsewhere in the State of Maryland in the service of the assured"; and the other, issued by the United States Fidelity & Guaranty Company, covered those at "Salisbury, Maryland, and elsewhere in the State of Maryland." And it was the premium of the United States Fidelity & Guaranty Company insurance that was measured in part on the basis of Parks' inclusion on the pay roll as an employee of the Salisbury

store. In Nathan's original notice to the State Industrial Accident Commission of the accident to Parks, he named only the Liberty Mutual Company as his insurer, and only a month later did he notify the commission of the insurance in the United States Company. The commission decided that the accident was covered only by the latter insurer, that which insured specifically the Salisbury employees, and awarded compensation payable by it. That company then appealed to the Circuit Court for Dorchester County, and the court reversed the commission's ruling, holding that both policies covered the accident, and passed an order modifying the award as to the insurers accordingly, adding that the two companies should divide and pay the compensation and the costs equally. Questions of dependency and right to compensation were decided in the trial court, but no review of the decisions on those questions is sought here.

Two of the questions now argued have been disposed of in earlier cases at this term of court. The first is one of compliance with the requirements of section 56 of article 101 of the Code, Supp. 1929, relative to the time of institution of appeals from the commission: "No such appeal shall be entertained unless notice of appeal shall have been served personally upon some member of the commission within thirty days following the rendition of the decision appealed from." The award of the commission was made on September 24th, 1930, and on October 18th, 1930, the United States Company filed with the commission a paper stating that it prayed an appeal from the award to the circuit court, but the appeal was not entered in the circuit court until October 28th, 1930, and the transcript of the commission's record was not filed in the court until May 2nd, 1931. The appellant objects that the limit of thirty days is placed by the act upon the filing of the appeal in the court, but this court has held to the contrary in the case of *Monumental Printing Co. et al. v. Edell*, 163 Md. 551, 164 A. 171, at this term.

After the appeal had been taken, attorneys for the Liberty Mutual Company filed a petition praying leave to take further testimony before the commission because the testimony

previously taken and included in the record of the commission was not so full and complete as the petitioner believed desirable for a proper review on appeal. The trial court denied the petition, and the objection to the denial presents another question disposed of in *Monumental Printing Co. v. Edell, supra.* There was, therefore, no error in the denial of the petition.

A third question of procedure is whether the court, preparatory to hearing the appeal without a jury, was required to adopt and declare the issues of fact to be decided by it in reviewing the decision of the commission. The parties presented somewhat conflicting forms, and did not agree on any of them, and the court then proceeded to hear and decide the case without formulated issues. In the opinion of this court the trial court is not by law required to adopt and announce such issues of fact. The Workmen's Compensation Act requires (section 56) only that the court, in an informal summary proceeding in the nature of an appeal, shall determine whether the commission has justly considered all the facts concerning injury, whether it has exceeded the powers granted it by the article, and whether it has misconstrued the law and facts applicable in the case decided. There seems to be nothing in this to be interpreted as requiring formulated issues of fact. This court has held that the references of questions of fact to juries, expressly provided for in section 56, can be made most effectively by formulating the questions, or issues, for the jury (*Schiller v. Balto. & O. R. Co.,* 137 Md. 235, 112 A. 272); but it does not follow from that holding that such formulation is required when the court alone disposes of all questions. There may be cases in which it would be convenient and desirable, but the statute does not require it. There is a separation of questions of both kinds, ordinarily, in instructions or declarations of law on prayers of the parties offered at the conclusion of testimony, and that may often be sufficient for the purpose. No other form of separation is required.

On the main question, of the intention of the parties when

the Liberty Mutual insurance was taken out, parol testimony was taken to inform the court of the circumstances as an aid to construction. The terms of the policies are broad, yet the specification of the Salisbury store in one, while only Cambridge was specified in the other, fairly raised a question of the purpose in taking out the two, and the testimony seems to have been admitted properly. No objection was made to it, and the same action was taken in similar cases. *Eurich v. General Casualty & Surety Co.,* 152 Md. 209, 136 A. 546; *Leftwich v. Royal Ins. Co.,* 91 Md. 596, 46 A. 1010. The witness Nathan testified that his main, Cambridge, store had been opened as far back as the year 1880, and he had had a compensation policy covering employees at that store when the Salisbury store was started in 1922 or 1923; and then he took out a separate policy for the Salisbury store. The company which issued the latter policy, covering the Salisbury store, was paid a premium based on wages paid Parks when he worked at that store, and the company covering the Cambridge store is not allowed any premium on those wages, unless failure to charge them up to the Salisbury store should affect the Cambridge account. Parks lived at Cambridge, was a general supervisor of the salesmen at the three stores, his business headquarters were at Cambridge, and his bills and expenses were paid there. When he was away on a vacation, his wages for the time being were charged against the Cambridge store. He was the personal representative of Nathan wherever he worked, and the separation of accounts was a matter of bookkeeping for exact information of the condition of business at each store.

While there was no contradiction of this testimony, and the questions of law have been argued on a supposition of its truth, its truth was not admitted, and the intention of the parties to the Liberty Mutual Company policy was a question of fact upon the circumstances thus shown. *Eurich v. General Casualty Co.,* and *Leftwich v. Royal Ins. Co., supra; Augusta Ins. & Banking Co. v. Abbott,* 12 Md. 348; *Williston, Contracts,* sec. 616. And this court has held that, upon the appeal provided in the Workmen's Compensation Act,

sec. 56, decisions of the trial courts on questions of fact cannot be reviewed. *Eurich v. General Casualty Co.*, 152 Md. 209, 216, 136 A. 546. We have, therefore, to consider only the rulings on the law, on the prayers submitted.

On the first question, whether in all the facts and circumstances shown, together with the terms of the policy itself, there was legally sufficient evidence to support a finding that the Liberty Mutual Company policy was intended to cover compensation to Parks at the time of his accident, a question raised by prayers of that company for declarations of law, this court concurs in the conclusion of the trial court. While the specification of the different stores in the different policies, and the inclusion of Parks' wages for the week in calculating the premium on the Salisbury store insurance, might, taken together, show an intention to distinguish between the coverage of the two, as the appellant contends, there remain to be considered the facts that Parks was primarily an employee of the parent store at Cambridge, that his wages were actually settled there, that his headquarters were there, and that the circumstances of his work would make it difficult, and sometimes impossible, to draw a distinction between employments in connection with the several stores. This court is of opinion that for consideration of these additional facts, the case was finally one for a decision of fact, and the refusal of the prayers for the rendering of a verdict as matter of law was not erroneous.

Objection is made to refusal of a declaration of law, prayed on behalf of the appellant, that if the United States Company's policy covered the Salisbury employees specifically, and Parks was on the pay roll of that store on the day of his accident, while the Liberty Mutual Company's policy covered the Cambridge store specifically, the Liberty Mutual Company's policy could not be held to cover compensation for the accident, but this court concurs in that action, too. The recital of facts to be taken as the basis of the finding, excluding, as it did, the other facts of Parks' employment at and from the Cambridge headquarters, states too restricted a ground for the declaration of law prayed.

In one respect, however, this court finds error in the trial court's order; and that is in its direction that each of the two insurers pay only one-half of the compensation awarded. It seems to be settled by previous decisions that the court on appeal may determine whether both or only one of two insurers is liable for compensation awarded, and that the insurer feeling aggrieved may, as a party appellant, have the determination reviewed. *Brenner v. Brenner,* 127 Md. 189, 96 A. 287; *U. S. Fid. & Guar. Co. v. Taylor,* 136 Md. 545, 549, 110 A. 883; *Eurich v. General Casualty Co.,* 152 Md. 209, 136 A. 546. But if the two companies are found to be insurers, as in this instance, then, in the absence of any stipulation to the contrary, they are concurrent insurers, and, like one of two or more sureties, each is liable to the claimants for the whole amount awarded. *Hanover Fire Ins. Co. v. Brown,* 77 Md. 64, 72, 25 A. 989, 27 A. 314. The right of contribution exists between such co-insurers, but could not be enforced so as to confine the right of the creditor in pursuing one insurer to only a part of the claim; and the order of the trial court that each insurer pay one-half would seem so to confine the claimant's right. For the purpose of correcting this error, or for the purpose of safeguarding the claimant against the confinement of his right against either one insurer, the judgment will be reversed.

> *Judgment reversed, in order that an order may be passed in accordance with this opinion; costs to be paid by the appellant.*