**CAMDEN FIRE INSURANCE ASSOCIATION, Appellant,**

v.

**Raymond D. VERA, Appellee.**

No. 6973.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 26, 1960.

Rehearing Denied Oct. 24, 1960.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

Fike, & Hunter, Dalhart, for appellee.

DENTON, Chief Justice.

Raymond D. Vera, appellee, brought suit against appellant, Camden Fire Insurance Association, Motor Insurance Corporation

and General Motors Acceptance Corporation, to recover upon two automobile collision policies issued on the same automobile by the Camden Fire Insurance Association and Motor Insurance Corporation. The trial court, in a hearing before the court without a jury, held the policy issued by the Motor Insurance Corporation had been cancelled, and that the policy issued by the Camden Fire Insurance Association was in full force and effect at the time of the collision of the Vera automobile, and therefore appellant was liable to the appellee for the agreed damages of $1446.50. The Camden Fire Insurance Association duly perfected this appeal and brings forward one point of error. No appeal was taken from that portion of the court's judgment holding that the Motor Insurance Corporation policy was cancelled.

The sole question to be determined here is whether or not the automobile collision policy issued by the appellant Camden Fire Insurance Association was cancelled prior to the collision had by the appellee. Vera purchased the 1955 Pontiac automobile in August of 1956. The car was financed through the General Motors Acceptance Corporation, and the Motor Insurance Corporation, simultaneously issued an automobile collision policy on the Vera car. As is customary in such cases, the insurance premium on this policy was included in the payments to be made to the General Motors Acceptance Corporation. On September 13, 1956 the Motor Insurance Corporation mailed a cancellation notice to the appellee informing him that the said policy would be cancelled as of 12:01 a. m. September 24, 1956. On or about November 17, 1956 Vera contacted John White, local agent of the Camden Fire Insurance Association and informed him of the insurance cancellation notice, and requested White to issue him a similar policy on the same automobile. Mr. White issued the Camden Policy by an endorsement on a liability policy previously issued to Vera. On the day the endorsement was made, White wrote the General Motors Acceptance Corporation the following letter:

"November 17, 1956

"General Motors Acceptance Corp.
"713 West 7th St.
"P. O. Box 1536
"Amarillo, Texas

"Re: Raymond D. Vera
"606 N.Y. Street
"Dalhart, Texas

"Dear Sirs:

"Mr. R. D. Vera was in our office this date and ask that we write him Comprehensive and $50.00 deductible collision to cover his 1955 Pontiac 2 Door Sedan. He states that you have a reserve for insurance in his loan and that you will send us the premium. We are adding this coverage to his liability policy by endorsement and the premium from this date to October 8, 1957, is $65.89. If you will send us this amount we will send the policy to you for your files.

"Yours very truly,

"Dalhart Insurance Agency
"By s/ John White

"P.S. Mr. Vera would like to know how much is in the reserve for insurance. Would you please let us have this information."

(The following notation written with pen and ink appears on the face of said letter):

"Vera this is my letter to the company in Amarillo."

In reply to this letter of November 17, Mr. White received the following letter:

"General Motors Acceptance Corporation

| "Branches | 703 Jefferson Street | Executive |
| Throughout | Amarillo, Texas | Offices |
| The World | | New York |

"November 21, 1956

"Dalhart Insurance Agency
"108 East Third
"Dalhart, Texas

"Re: 39432 C35
"Raymond Vera

"Gentlemen:

"In line with your recent letter concerning insurance on the above account, this is to advise that Motors Insurance Corporation wrote the insurance covering the contract for a term of 30 months, which included comprehensive and $50 deductible, and the premium was included in the contract.

"If Mr. Vera desires to change this coverage, and cancel out the MIC policy, we would be agreeable; however, the return premium from the policy would have to be applied to the balance on his account, and he would have to pay you himself for the other policy.

"If we may be of further assistance, please advise.

"Very truly yours,

"s/ J. Rackley
"Credit Department

"J. Rackley
"cc. Raymond D. Vera
"606 N. Y. St.
"Dalhart, Texas"

———◆———

Upon receipt of this letter White called Vera to his office and they discussed the fact the letter indicated that the Motor Insurance Corporation insurance policy was still in effect, and that Vera did not need double coverage. Although the testimony at the trial of White and Vera concerning this conversation was in some measure conflicting, the testimony of White and the previous testimony of Vera in his deposition are quite similar. White testified both he and Vera were of the opinion that the Motor Insurance Corporation policy was still in effect, and that the Camden Fire Insurance Association policy should be cancelled. Vera's testimony at the trial was vague and inconclusive. His response to many of the pertinent questions was that he could not remember. When he was confronted on cross-examination with certain answers he had previously given in his deposition he confirmed those previous answers. A portion of the questions and answers of Vera in his deposition concerning his conversation with White are as follows:

"Q. On Page 13, line 10, this question was asked you: 'When you found that out—that is, when Mr. White got this letter that you had insurance with Motor Insurance Corporation, did he talk to you about the fact that you didn't need any more insurance because you already had some?' You said, 'Yes, sir.' Question: 'Where did that conversation take place?' Answer: 'In his office.' Question: 'That was after Mr. White got the letter?' Answer: 'Yes, sir.' Now those questions were asked you and you gave those answers? A. Yes, sir.

"Q. And, that is true, isn't it? A. Yes.

"Q. And, you told him at that time that it looked like that you had coverage with Motors Insurance Company and you didn't want this duplicate coverage? A. That is right.

"Q. And, you told him at that time you didn't want to add any collision coverage to your car because you had it already with Motors Insurance Company? A. Yes, sir."

It is appellant's contention that the Camden Fire Insurance Association policy was cancelled as a matter of law, if it had ever been effective, by mutual agreement between the parties before the collision occurred which was on December 24, 1956. In his brief, appellee seeks to support the trial court's findings and judgment on the ground that the evidence is sufficient to support a finding that appellee never agreed nor consented to a cancellation of appellant's policy; or in the alternative that the attempted cancellation, if agreed to by appellee, was the result of a mutual mistake or fraud and therefore of no effect.

The representation by White was based on the contents of the letter of November 21 written by an agent of General Motors Acceptance Corporation. White wrote his letter of November 17 as an agent of Vera, and can not be said to have any responsibility for statements made by General Motors Acceptance Corporation. It is to be further noted that Vera was mailed a copy of the General Motors Acceptance Corporation letter. The trial court made no finding of false representation by White to Vera, and we are of the opinion the evidence clearly supports such an omission.

After carefully reviewing the appellee's pleadings we conclude that appellee did not allege the elements of mutual mistake. Allegations of misrepresentation and reliance thereon can not be said to be an allegation of mutual mistake. Neither did the direct testimony of Vera, the only witness in his behalf, support a cause of action based on mutual mistake. Nor did the trial court make such a finding. Under the record before us we are therefore unable to agree with appellee's contention that the agreed cancellation, if agreed to by appellee, was induced by fraud or mutual mistake.

■ We must now determine whether or or not the Camden Fire Insurance Association policy was cancelled by mutual agreement between White and Vera before the loss occurred. We think the law is clear that an insurance policy can be cancelled by mutual agreement independently of any provision of the insurance policy or contract. Automobile Ins. Co. of Hartford, Conn. v. Southern Transp. Co., Tex.Civ.App., 101 S.W.2d 585; Austin Fire Ins. Co. v. Polemanakos, Tex.Com.App., 207 S.W. 922, 45 C.J.S. Insurance § 444. Whether or not cancellation by mutual agreement has been effected depends on the intention of the parties as evidenced by their words and acts.

■ We think the evidence is clear that Vera wanted only one policy of comprehensive collision insurance on his automobile. When the General Motors Acceptance Corporation letter of November 21 was received, both White and Vera were of the opinion the Motor Insurance Corporation policy was in force and effect. It was at this time that Vera and White mutually agreed to cancel the Camden policy. This conclusion is supported by the fact Vera paid no

premium on the collision policy, and by the following typewritten notation placed by White on the amendment endorsement: "It is hereby understood and agreed that the above coverage added by endorsement 64C, November 17, 1956, is eliminated from this policy effective that date. The insured found out that this was duplicate coverage."

These facts, together with the testimony of the two witnesses referred to above, show the insured, Vera, and White consented and agreed to the cancellation of the Camden Fire Insurance Association policy. We are of the opinion the evidence developed shows that the Camden Fire Insurance Association policy was cancelled by agreement. We think no other reasonable conclusion can be drawn from the words and actions of both White and Vera.

We are therefore of the opinion and so hold that the parties hereto mutually agreed to cancel the collision insurance policy issued by the agent of appellant. Judgment of the trial court is therefore reversed and judgment here rendered that appellee take nothing.

Reversed and rendered.