**Douglas PIERCE, Appellant,**

v.

**RANGER INSURANCE COMPANY,**
**Appellee.**

**No. 8003.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 15, 1969.

Rehearing Denied Jan. 19, 1970.

Huffaker & Green, and Gerald Huffaker, Tahoka, for appellant.

Crenshaw, Dupree & Milam and Cecil Kuhne, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a suit brought by Douglas Pierce, hereinafter referred to as plaintiff, against Ranger Insurance Co., hereinafter referred to as defendant, for hail damage to his cotton crop under the contention that the crop was insured by defendant at the time of his loss by virtue of a temporary binder. The case was tried to the court without a jury and the court entered judgment for the defendant. From that judgment, the plaintiff perfected this appeal.

The record clearly shows, and the court found according to the findings of fact, that the plaintiff had talked to Clint Walker, an independent agent, about securing insurance upon 100 acres of cotton and on July 5, 1967, plaintiff called Walker and told him he wanted the insurance and to make it effective as of July 4, 1967. Walker placed a temporary binder in effect on the crop in question. The premium was to be paid by plaintiff executing a note in the principal sum of $845.00. On July 5, 1967, Sue Pierce, plaintiff's wife, at the direction of plaintiff, went to Walker's office and picked up the note and told Walker she would return the note that same day but the note was never returned. On two or three different occasions after July 5, 1967, Walker went to plaintiff's residence to get the note but it was never delivered to him. On July 15, 1967, Walker again went to plaintiff's home and at that time, Sue Pierce told Walker that she and her husband could not afford the in-

surance; that they did not want the insurance and were not going to execute a note for it, and just to cancel the insurance. That same afternoon, Sue Pierce told the plaintiff that she had told Walker they would not sign the note and to cancel the insurance.

Walker went back to his office, wrote the defendant to cancel the insurance. On the morning of July 18, 1967, the defendant sent a telegram addressed to plaintiff in Tahoka, Texas, in care of Walker advising that the insurance coverage on the 100 acres of cotton crop was cancelled. The telegram was received by Walker on July 18, 1967, at approximately 4:00 P.M. The hail loss and damage to the plaintiff's crop occurred on July 18, 1967, at between approximately 7:00 P.M. and 8:00 P.M. Plaintiff testified he went to Walker's office on the morning of July 19, 1967, after the damage and offered to deliver the note for payment of the premium.

Although the plaintiff presents this appeal upon 88 points of error, we believe, and so hold, that since the facts as found by the court clearly show that the only issue to be here determined concerns the actions of Mrs. Sue Pierce as being the agent of the plaintiff and her directing Walker to cancel the insurance. Under this record, and as found by the court, it is clearly shown that Sue Pierce told Walker that the note was not going to be signed and for Walker to cancel the insurance. Plaintiff testified that his wife told him on this same day, July 15, 1967, that she told Walker that the note would not be signed and to cancel the insurance. The trial judge as shown by his conclusions of law held as follows:

"That any insurance that was in effect on the crops was canceled on July 15, 1967, by the action of Mrs. Pierce in telling Clint Walker to cancel the insurance and the subsequent action of Clint Walker in writing the defendant advising of such cancellation and/or by the telegram of the defendant on July 18, 1967, which was both sent and was received in Tahoka prior to the time that any hail loss or damage occurred."

■ It has been determined in this state that while ordinarily the question of agency is an issue of fact to be determined from all the facts and circumstances surrounding the parties to the transaction, such agency may arise from the conduct of the parties as well as by express authority, and agency on the part of the wife to act for her husband may be presumed from the acts and conduct of the parties. Henderson et al. v. Jimmerson et al., Tex.Civ. App., 234 S.W.2d 710 (n.r.e.); Johnson v. Hays Furniture Co., Tex.Civ.App., 233 S.W.2d 934; Graham v. Howard, Tex. Civ.App., 249 S.W.2d 639; Moore v. El Paso Chamber of Commerce, Tex.Civ.App., 220 S.W.2d 327 (n.r.e.); Wink v. Wink, Tex.Civ.App., 169 S.W.2d 721; Reed et al. v. Hester et al., 44 S.W.2d 1107 (Comm. of App.); Hearn v. Hanlon-Buchanan, Tex. Civ.App., 179 S.W.2d 364 (writ refused, w. o.m.); Austin v. Gallaher, Tex.Civ.App., 417 S.W.2d 363 (writ dismissed).

■ We think the facts and circumstances of this case clearly show that Mrs. Sue Pierce was acting as the agent for the plaintiff. The trial court found in the conclusions of law "that under the circumstances and the acts and conduct of Douglas Pierce and Sue Pierce, Sue Pierce was in fact acting as the agent of Douglas at the time she told Clint Walker to cancel the insurance on July 15, 1967, and/or, in any event, under the circumstances, and the acts and conduct of Douglas Pierce and Sué Pierce, Clint Walker could reasonably believe, and did believe, that Sue Pierce was acting as the agent of Douglas Pierce in cancelling the insurance." Clint Walker did as he was directed to do and had the policy cancelled, and it was cancelled before the damage was done and the policy was cancelled by mutual agreement. It is stated in Camden Fire Insurance Association v. Vera, Tex.Civ.App., 339 S.W. 2d 354 (n.r.e.) as follows:

"We think the law is clear that an insurance policy can be cancelled by mutual agreement independently of any provision of the insurance policy or contract. Automobile Ins. Co. of Hartford, Conn.

**158**

v. Southern Transp. Co., Tex.Civ.App., 101 S.W.2d 585; Austin Fire Ins. Co. v. Polemanakos, Tex.Com.App., 207 S.W. 922, 45 C.J.S. Insurance § 444. Whether or not cancellation by mutual agreement has been effected depends on the intention of the parties as evidenced by their words and acts."

See also Austin Fire Insurance Co. v. Polemanakos, Tex.Com.App., 207 S.W. 922 by the Supreme Court.

We hold this policy was cancelled by mutual agreement prior to the damage here in question. We have carefully considered this entire record and overrule all of appellant's assignments of error. Judgment of the trial court is affirmed.