## KENNEY v AAA DELIVERY SERVICE

1. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION ACT—IN-
SURANCE—NOTICE OF TERMINATION.

A section of a former Workmen's Compensation Act provided
that every insurance policy covering any employer shall pro-
vide in part, that the insurance company will file, at least 20
days before the taking effect of any termination or cancellation
of the policy, a notice giving the date at which it is proposed to
terminate or cancel the policy and that any termination of the
policy shall not be effective as far as the employees of the
insured are concerned until 20 days after such notice; the 20-
day period following notice of cancellation is specifically limited
to the right of insured's employees to obtain redress for work-
related injuries through the Workmen's Compensation Act; the
purpose of that section was to benefit employees by permitting
the employer sufficient time to obtain other insurance, and it
was not to impose liability upon an insurance company which
had originally provided insurance coverage but was not re-
newed by an employer who, without permitting the original
policy to lapse, subsequently purchased insurance from another
company (MCLA 414.1[f]).

2. WORKMEN'S COMPENSATION—INSURANCE—NOTICE OF TERMINATION.

It was not incumbent upon an insurance company providing
insurance to an employer to provide the Workmen's Compensa-
tion Bureau with notice of termination of its policy where the
policy was automatically renewable.

3. WORKMEN'S COMPENSATION—INSURANCE—NOTICE OF TERMINATION
—RENEWAL.

An employer's election not to renew its workmen's compensation
insurance contract with its insurance company, the immediate
termination notice given by that insurance company to the
Workmen's Compensation Bureau, the receipt by another in-

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Workmen's Compensation § 559.
Cancellation or attempted cancellation of insurance under Work-
men's Compensation Act, 107 ALR 1514.

surance company of the employer's insurance premium which became effective prior to the accident, and the failure of the latter insurance company to provide the Bureau with notice of coverage within a reasonable period of time combine to persuade the Michigan Supreme Court that the second insurance company was liable on the risk.

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and J. H. Gillis and Peterson, JJ., affirming Workmen's Compensation Appeal Board. Submitted January 9, 1974. (No. 13 January Term 1974, Docket No. 54,747.) Decided April 16, 1974.

Claim by Elice M. Kenney against AAA Delivery Service and Aetna Casualty & Surety Company for workmen's compensation. Aetna petitioned for determination of rights alleging that Allstate Insurance Company had assumed coverage and should be made a party defendant. Award granted ordering Allstate to pay all benefits. Allstate appealed to the Court of Appeals. Affirmed. Allstate appeals. Affirmed.

*LeVasseur, Werner, Mitseff & Brown* (by *Grahame G. Capp),* for Aetna Casualty & Surety Company.

*Patrick J. Dugan,* for Allstate Insurance Company.

J. W. FITZGERALD, J. Plaintiff was injured in the course of her employment on April 8, 1969. From this incident emerged a controversy between Aetna Casualty & Surety Company *(infra,* Aetna) and Allstate Insurance Company *(infra,* Allstate) as to which of them should provide the insurance compensation to which plaintiff is entitled.

Aetna provided workmen's compensation insurance for AAA Delivery Service *(infra,* AAA) from

April 1, 1968 to April 1, 1969. On March 28, 1969, AAA advised Aetna of its decision not to renew the previous policy and then paid Allstate $520.60 for insurance coverage effective April 1, 1969. Aetna promptly prepared and mailed a notice of termination which was received by the Bureau of Workmen's Compensation on April 2, 1969. Allstate issued the insurance policy to AAA on June 3, 1969, reporting this fact to the Bureau on or about July 18, 1969.

Plaintiff's petition claiming benefits for personal injuries was filed on May 6, 1969. When notified of this action by the Bureau, Aetna responded by seeking a determination of rights maintaining that its liability terminated on April 1, 1969. The hearing referee, considering Aetna's prompt notice of termination together with Allstate's receipt of AAA's premium, found Allstate liable on the risk. The Workmen's Compensation Appeal Board affirmed on identical grounds, modifying the award to reflect an earlier redemption agreement between the parties. The Court of Appeals also agreed, but based its decision upon the fact that the insured party and not the insurer cancelled the contract. Allstate unsuccessfully petitioned the Court of Appeals for a rehearing and we granted leave to appeal.

Allstate believes it should be absolved from liability because Aetna was the only insurance company appearing on the Bureau records at the time of the accident. Reference is made to provisions of the Workmen's Compensation Act appearing in MCLA 414.1(f); MSA 17.195(f) which states in pertinent part:

"That it will file with the workmen's compensation commission at Lansing, Michigan, at least 20 days before the taking effect of any termination or cancella-

tion of this contract or policy, a notice giving the date at which it is proposed to terminate or cancel this contract or policy; and that any termination of this policy shall not be effective as far as the employees of the insured covered thereby are concerned until 20 days after such notice of such proposed termination or cancellation is received by the said workmen's compensation commission;".

It is argued that since the injury occurred within 20 days of the cancellation date and Allstate had not yet filed a notice of coverage, the responsibility of reimbursing plaintiff must rest with the insurer of record, Aetna.

We cannot subscribe to this application of the above statute. The conflict between the two insurers presents a situation different in posture from that contemplated by the plain meaning of the statute. The 20-day period following notice of cancellation is specifically limited to the right of insured's employees to obtain redress for work-related injuries through the Workmen's Compensation Act. The purpose of MCLA 414.1(f); MSA 17.195(f) was to benefit employees by permitting the employer sufficient time to obtain other insurance. It was not to impose liability upon an insurance company which had originally provided insurance coverage, but was not renewed by an employer who, without permitting the original policy to lapse, subsequently purchased insurance from another company. *Gratopp v Carde Stamping & Tool Co,* 216 Mich 355; 185 NW 675 (1921).

Allstate gains no support from *Zielke v A J Marshall Co,* 306 Mich 474; 11 NW2d 209 (1943). The Court, in holding the original insurer liable under facts quite similar to the instant case, observed at 477:

"There is no reason why an insurance company can-

not give notice of termination 10[1] days before the end of the term of its policy and, in the event of a renewal, file a new acceptance."

Since the *Zielke* policy was to be effective for one year only, the original insurer should have anticipated that failure to notify the Bureau ten days in advance of the expiration date would result in the imposition of an additional ten-day liability period pursuant to 1929 CL 8460(f); MSA 17.195(f). Conversely, the insurance contract between Aetna and AAA was automatically renewable. As such, it was not incumbent upon Aetna to provide the Bureau with notice of termination. § 408.42, Rule 12, of the Bureau's administrative rules states:

" * * * No notice of the termination of a policy which has expired shall be reported when the insurance carrier has accepted responsibility under a further or renewal policy, except for an insured's name change."

Were we to consider the 20-day statutory period applicable to this case, our result would not change. The facts presented to us considered in light of the statutory purpose confirm the correctness of the Court of Appeals' decision. AAA's election not to renew its insurance contract with Aetna, the immediate termination notice given by Aetna to the Bureau, the receipt by Allstate of AAA's insurance premium which became effective eight days prior to plaintiff's injury and the failure of Allstate to provide the Bureau with notice of coverage within a reasonable period of time com-

---

[1] The present statute, MCLA 418.621(2)(g); MSA 17.237(621)(2)(g), provides for 20 days.

bine to persuade us that the decision was proper and must stand.

Affirmed. Costs to appellee.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with J. W. FITZGERALD, J.