250 P.2d 909

MUSGRAVE, State Ins. Manager, v. LIBER-
TY MUT. INS. CO.

No. 7897.

Supreme Court of Idaho.

Dec. 2, 1952.

Richards, Haga & Eberle, Dale O. Mor-
gan, Boise, for appellant.

Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for respondent.

KEETON, Justice.

By a policy of insurance dated June 28, 1947, the State Insurance Fund, hereinafter referred to as the Fund, insured the John F. Beasley Construction Company under the Workmen's Compensation Law, covering liability to injured workmen of the insured. Other contingent liability of the John F. Beasley Construction Company was written by the Liberty Mutual Insurance Company, hereinafter referred to as the Mutual Company.

At the time the Fund assumed liability to injured workmen under the Idaho Workmen's Compensation Law, the Mutual was not qualified to write such insurance in Idaho, but was qualified to write certain other kinds of liability insurance. Thereafter the Mutual Company qualified to write workmen's compensation insurance · and filed a policy covering the workmen of the insured dated July 17, 1947. This policy was not ordered by the insured, it having already complied with the Workmen's Compensation Act by insuring with the Fund.

All premiums for the workmen's compensation insurance due or becoming due under the Workmen's Compensation Law, during the time the Fund's policy was in effect, were paid by the Beasley Company

to the Fund, and Mutual was paid nothing. The mistake of double coverage was not discovered by the insured until some time prior to December 8, 1947, at which time the Fund was advised by the insured that the insurance of the Mutual Company was never ordered or authorized by the insured; further that all reports had been made to the Fund, and all premiums paid to it, and asked that the Fund coverage be canceled effective November 1, 1947.

Under date of November 25, 1947, the Mutual Company called the error to the attention of the Industrial Accident Board, and asked to have its coverage canceled as of July 10, 1947. A part of the letter is as follows:

"Through a misunderstanding, we issued the above mentioned Bond and at the same time Beasley secured coverage with The Idaho State Insurance Fund with premiums being paid to this Fund.

"In view of the fact that Beasley had duplicate coverage in the State of Idaho, we request that you approve our cancellation notice to be effective July 10, 1947."

The board advised the Mutual Company in a letter dated November 28, 1947, that it had no authority to recognize a pre-dated cancellation and declined to cancel the policy of the Mutual Company.

During the time the Fund's policy was in effect, and for which it had been paid premiums, certain workmen were injured. The Fund, as well as the Mutual Company, was notified of the injuries, and the liability to the injured workmen was paid by the Fund, except some small items of hospital bills which were paid by the Mutual under authority of the Mutual's adjuster.

There was some correspondence between adjusters representing the Fund, and the Mutual Company, as to who should pay the losses, and in a letter dated March 24, 1948, the adjusters representing the Mutual Company suggested to it that each pay one-half of the losses—such adjusters evidently being under the impression that the Mutual Company's policy had been ordered and written by authority of the insured.

The Fund having paid all the liability to the injured workmen brought this action against the Mutual Company for contribution from said company for one-half of the sums so paid.

In an answer, among other defenses, the Mutual Company alleged that its policy covering workmen's compensation liability was written through error, and by mistake, and without authority of the insured, and there was no consideration therefor, and asked that the plaintiff take nothing.

The matter was tried, and the lower court decided the matter in favor of the Fund, fixing the liability of the Mutual at one-half the sums paid by the Fund.

The question presented for decision is whether or not the Fund is entitled to contribution for one-half of the loss sustained.

■ It may be conceded that a surety company policy insuring injured workmen of an employer cannot be canceled by the insurer in the manner attempted here. Sec. 72-808 I.C., amended 1951 S.L. page 366, Ch. 171, amendment not important here, reads:

"No policy of insurance or guaranty contract or surety bond issued against liability arising under this act shall be canceled within the time limited in such contract for its expiration until at least ten days after notice of cancelation of such contract on a date specified in such notice, shall have been filed with the industrial accident board, and also served on the employer either personally or by registered mail."

This provision is for the benefit and protection of the employer and injured workmen and has no application to the matter now being considered.

Cowles v. State Ins. Fund (Van Dissel), 67 Idaho 165, 173 P.2d 722, cited by respondent to sustain its position that it is entitled to contribution from the Mutual Company, was a claim by an injured workman against an employer and his two insurance carriers. The court held that each of the insurers was liable to the injured workman. What rights, if any, the injured workmen might have had, against the Mutual Company, is not involved in this proceeding.

In the case before us, the injured workmen have been paid all sums found to be due.

Amalgamated Casualty Ins. Co. v. Winslow, 77 U.S.App.D.C. 382, 135 F.2d 663, points out clearly the distinction between the rights of the public and the rights between co-insurers, and in a similar situation as is here being considered, held that the insurer that received the premiums should pay the loss.

In the case before us, there is in fact only one liability, that is, the duty of the insurer to pay compensation to the injured workmen, and regardless of the number of insurers, the premium for such protection would be some sum depending on the hazard, the number of employees, and the amount of the payroll. In this case, all such sums becoming due were paid the Fund and the insured paid nothing to the Mutual Company, and in fact, in no wise recognized the Mutual Company's alleged coverage.

In Eurich v. General Casualty and Surety Company, 152 Md. 209, 136 A. 546, the controversy was between two insurance carriers. The court pointed out clearly the purpose of the ten days' notice cancellation provision, that is, protection of injured persons entitled to compensation.

In Gratopp v. Carde Stamping & Tool Co., 216 Mich. 355, 185 N.W. 675, the Supreme Court of Michigan. held that the insurer which was paid and accepted the premiums should pay the loss, even though other insurance might not have been technically canceled at the time such loss occured. For other authorities to the same effect see Automobile Insurance Co. v. Southern Transportation Company, Tex. Civ.App., 101 S.W.2d 585; 71 C.J. 914, Sec. 648.

In this case the Fund did not pay more than its share of the loss, and is not entitled to contribution from the Mutual Company.

We therefore conclude that where an employer is covered by two workmen's compensation liability policies in different companies, one policy of which was not authorized by the insured and was evidently written by mistake, and the premiums due under the policy were all paid to the other insurance company, in this case the Fund, that the insurer which received and collected the entire premium should be responsible for the entire loss and it would be inequitable to compel the alleged co-insurer to contribute one-half of such losses in a contribution proceeding. The judgment is reversed, with instructions to the trial court to set the judgment aside and dismiss the action. Costs to appellant.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.