No. 23554.

Chevron Oil Company and Fireman's Fund Insurance Company *v.* Industrial Commission of Colorado, Lana J. Rose, Matthew James Rose, State Compensation Insurance Fund, and Phoenix of Hartford Insurance Company.

(455 P.2d 735)

Decided June 23, 1969.

WHITE and STEELE, WALTER A. STEELE, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

HAROLD CLARK THOMPSON, ALIOUS ROCKETT, FEAY BURTON SMITH, JR., FRANCIS L. BURY, for defendent in error State Compensation Insurance Fund.

ZARLENGO, MOTT and CARLIN, ALBERT E. ZARLENGO, JR., for defendant in error Phoenix of Hartford Insurance Company.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THIS case involves a workmen's compensation coverage controversy among three insurers. This writ of error stems from a workmen's compensation proceeding, but the parties have stipulated that the claimant suffered a

compensable injury, resulting in his death, and that dependency benefits are payable. The sole question at issue is: Which of the insurers are liable for the payment of benefits?

On October 24, 1965, William Gene Rose was injured in the scope of his employment at a service station. When injured, he was an employee of National Coin-Operated Services, Inc., which operated the service station as the lessee of Chevron Oil Company.

The workmen's compensation insurer for Chevron Oil Company, the lessor, is Fireman's Fund Insurance Company. The claimed workmen's compensation insurers for National Coin, the lessee, are Phoenix of Hartford Insurance Company and the State Compensation Insurance Fund. In the course of this opinion, the three insurance carriers will be referred to respectively as Fireman's Fund, Phoenix, and State Fund. The Industrial Commission of Colorado will be referred to as the Commission herein.

C.R.S. 1963, 81-9-1, provides that a lessor, conducting its own business by leasing, shall be deemed the employer for workmen's compensation purposes, if the lessee, although the direct employer, does not have coverage.

After a lengthy hearing and review of extensive briefs, the referee of the Commission found that neither of lessee's policies with Phoenix or the State Fund were in effect on the date of the injury. The Commission concluded that Chevron Oil Company, and thereby its carrier, Fireman's Fund, was liable under C.R.S. 1963, 81-9-1. The district court affirmed the decision of the Commission, and the lessor and its insurer, Fireman's Fund, bring this writ of error.

Plaintiffs in error rely upon two major contentions for reversal:

(1) The Phoenix policy was still in force under a binder on the date of accident, because the purported cancellation of the policy issued was legally ineffective

for these reasons: failure to comply with the cancellation provisions of the policy, and failure to notify the Industrial Commission of the cancellation.

(2) The State Fund policy was also effective on the date of accident, because the State Fund had waived its statutory right of cancellation without notice for non-payment of premium, and, further, the statute granting such right is discriminatory and hence, unconstitutional.

I.

*Did Phoenix have Workmen's Compensation coverage in effect for the direct employer, National Coin, on the accident date of October 24, 1965?*

The evidentiary findings of the Commission, which are supported by the record, set forth the essential facts for determination of this coverage question.

In May 1965, an oral offer to bind Phoenix for workmen's compensation coverage was extended to National Coin by a general agent for Phoenix. About mid-July 1965, Phoenix issued a workmen's compensation policy to National Coin and duly notified the Commission of this action. The evidence "shows no probative testimony that respondent employer [National Coin] ever received actual delivery of an insurance policy insuring workmen's compensation risk from Phoenix . . ." Further, the "evidence is strong" that this policy was never delivered to National Coin, but was returned to Phoenix by the general agent, presumably for destruction. No premium was paid. The policy was cancelled "flat" (*i.e.,* void from the inception of the policy). The work injury occurred in October 1965, but Phoenix did not notify the Commission of the cancellation until November 1, 1965.

The ultimate finding of the referee, which was affirmed by the Commission, was that Phoenix should not be assessed with any liability for the industrial accident of National Coin's employee on October 24, 1965.

 Plaintiffs in error argue that the Phoenix policy was in existence *under the binder,* rather than the policy, on the accident date in October 1965. We deem this con-

tention to be erroneous as a matter of law. The written policy was issued July 14, 1965, and became effective upon its issuance, regardless of the non-delivery found by the Commission. In the absence of express stipulation, actual delivery of an insurance policy to the insured is not prerequisite to an effective insurance contract. *1 Couch on Insurance 2d,* §§10:2, 10:10, *12 J. Appleman, Insurance Law and Practice* § 7156. The oral binder was *merged* in the written policy issued on July 14, 1965. *Western Farm Bureau Mutual Ins. Co. v. Barela,* 79 N.M. 149, 441 P.2d 47; *1 Couch on Insurance 2d* §§14:4, 14:20; *12 J. Appleman, Insurance Law and Practice* §7205; 44 C.J.S. *Insurance* §250. The binder having been extinguished by merger with the policy which was issued on July 14, 1965, no binder coverage existed on October 24, 1965; and, the policy having been cancelled "flat" before October, no coverage was afforded by Phoenix on the accident date.

However, plaintiffs in error further contend that the cancellation of the policy was legally ineffective, because of non-compliance with either the policy provisions relating to cancellation or with Rule 3 of the Industrial Commission. As to the former, the referee made a specific finding that the policy was cancelled "flat." This finding was supported by evidence that the cancellation was made at the request of the insured, National Coin. Cancellation at the insured's request is one of the methods for cancellation authorized by the policy. Moreover, the record shows inferentially that National Coin rejected the Phoenix workmen's compensation coverage as being too costly.

Nor do we agree with the latter contention that the failure of Phoenix to comply with Rule 3 of the Commission stripped the cancellation of effectiveness. Rule 3 does require every workmen's compensation insurance carrier to notify the Commission within 10 days of the cancellation of any such policy. Concededly, Phoenix did not give timely notice of cancellation to the

Commission, and the Commission so found. But the failure of an insurer to comply with Rule 3 of the Commission does not ipso facto vitiate a policy cancellation. Notice of cancellation of a workmen's compensation policy is not required *by statute* to be given to the Industrial Commission. C.R.S. 1963, 81-5-1(1)(c). *Regulations* promulgated by the Commission cannot operate to impose substantive conditions or requirements greater than as provided by statute, and therefore, Rule 3 cannot impose additional requirements concerning cancellation of workmen's compensation policies. *Johnson v. Firemen's Insurance Co. of Newark, N.J.*, 398 S.W.2d 318, *Motsinger v. Perryman*, 218 N.C. 15, 9 S.E.2d 511. The purpose of Rule 3 is to provide an administrative procedure for convenient reference to coverage status.

Plaintiffs in error cite *Hartford Accident & Indemnity Co. v. Clifton*, 117 Colo. 547, 190 P.2d 909 as standing for the proposition that Rule 3 of the Commission has "the full force and effect of law," and that non-compliance therewith extends the life of the policy. We cannot agree with this interpretation. The court in the *Clifton* case neither could, nor in our view, did, impart to administrative Rule 3 the effect of an extra legislative cancellation requirement. The difference between the *Clifton* case and the case at bar, aside from the conceded factual distinction, is that the portion of Rule 3 there in question was also a *statutory* requirement, *viz*: the notice of *issuance* of a workmen's compensation policy is required by both C.R.S. 1963, 81-5-1(1)(c) and by Rule 3 of the Commission. In the case at bar, notice to the Commission of *cancellation* of a workmen's compensation policy is only required by Rule 3, and not by statute.

▮▮ Even if we concede, for argument purposes only, the contention of plaintiffs in error that Rule 3 governs cancellation, the purpose therefor would be for the protection of the claimant entitled to compensation. Fireman's Fund is therefore not a proper party to complain

of non-compliance. *Musgrave v. Liberty Mutual Ins. Co.*, 73 Idaho 261, 250 P.2d 909.

We affirm the Commission and district court, and hold that Phoenix afforded no workmen's compensation coverage to the direct employer, National Coin, on October 24, 1965.

## II.

*Did the State Fund have Workmen's Compensation coverage in effect for the direct employer, National Coin, on the accident date of October 24, 1965?*

The evidentiary and ultimate findings of the Commission again provide the basic facts.

On July 27, 1965, National Coin sought "binder" coverage from the State Fund, and on August 13, 1965, received a policy from the Fund. No premium was paid and the policy was cancelled "flat." Notice of cancellation by the State Fund was not given to the Commission until November 4, 1965, which was after the compensable accident. The ultimate finding was non-liability of the State Fund for payment of compensation.

The record shows that National Coin received two letters from the State Fund concerning non-payment of premium: a letter dated September 7, 1965, notifying that the premium must be paid by September 17, 1965; and, a letter dated September 23, 1965, stating that the policy would be cancelled as of its effective date if the premium was not received by October 4, 1965. As previously indicated, findings were made of both non-payment of premium and of flat cancellation.

C.R.S. 1963, 81-15-12 authorizes the State Fund to cancel a policy, without notice and as of its effective date, if the employer's payment therefor is in arrears for more than 20 days. National Coin was in arrears more than two months on the date of the accident. Based on these facts, the Commission found in effect that the State Fund policy was lawfully cancelled prior to the date of the accident.

The combined effect of the following three factors

provides an ample basis in law for the Commission's finding of non-liability of the State Fund for the accident on October 24, 1965:

(1) The State Fund's letter of September 23, 1965 notifying National Coin that the policy would be cancelled if the premium was not received by October 4, 1965.

(2) The fact that after National Coin received the above letter, it failed to pay the premium by the deadline date and further failed to tender payment at any time, and

(3) The authorization given to the State Fund in C.R.S. 1963, 81-15-12 to cancel without notice if the employer's premium payment is in arrears for more than 20 days.

These three factors in combination being decisive of this issue, we therefore deem it unnecessary to unduly prolong this opinion by a consideration of the waiver and constitutional issues posed by the plaintiffs in error with relation to the cancellation provision of C.R.S. 1963, 81-15-12.

\* \* \*

■ We also wish to make note of the following underlying proposition as being supportive of our affirmance of the trial court's judgment. In a situation like the one here considered, the insurer who received the premiums should pay the loss. *Amalgamated Casualty Ins. Co. v. Winslow*, 77 U.S. App. D.C. 382, 135 F.2d 663, *Musgrave v. Liberty Mutual Ins. Co., supra.* In the instant case, the only insurer which received premiums for compensation coverage was plaintiff in error, Fireman's Fund.

Judgment affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.