IRENE NEEMAN, APPELLEE, v. OTOE COUNTY ET AL., APPELLEES, IMPLEADED WITH AETNA INSURANCE COMPANY, APPELLANT.

MAURICE V. KARSPECK, APPELLEE, v. OTOE COUNTY ET AL., APPELLEES, IMPLEADED WITH AETNA INSURANCE COMPANY, APPELLANT.

RUTH M. WILLIAMS, APPELLEE, v. OTOE COUNTY ET AL., APPELLEES, IMPLEADED WITH AETNA INSURANCE COMPANY, APPELLANT.

LORETTA H. BASSINGER, APPELLEE, v. OTOE COUNTY ET AL., APPELLEES, IMPLEADED WITH AETNA INSURANCE COMPANY, APPELLANT.

183 N. W. 2d 269

Filed January 29, 1971. Nos. 37631, 37632, 37633, 37634.

Haney, Wintroub & Haney, for appellant.

Vantine A. James, for appellees Neeman, Williams, and Bassinger.

Maurice V. Karspeck pro se.

Bernard M. Spencer, and Joseph J. Vinardi and Harold W. Kauffman of Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellees Otoe County et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

These are workmen's compensation cases. Aetna Insurance Company has appealed from judgments of the district court holding Aetna solely liable for payment of four separate workmen's compensation awards arising out of an accident which occurred April 24, 1968. Aetna contends that Hawkeye Security Insurance Company also covered the risk, and that Aetna and Hawkeye should each be responsible for one-half of the awards.

There is no dispute as to the plaintiffs' right to compensation benefits nor as to the amount of benefits. Prior to 1968, Otoe County had carried its workmen's compensation insurance with Hawkeye. It was written through Rowe Insurance Agency, an independent insurance agent. The certificate of compensation insurance filed by Hawkeye with the workmen's compensation court on March 14, 1967, covered the one-year policy period from April 30, 1967, to April 30, 1968.

In the spring of 1968, the manager of Rowe Insurance Agency negotiated with the county commissioners for a package insurance policy combining and replacing some

40 to 50 separate coverages, including the workmen's compensation coverage. The new package policy was to be placed with Aetna. The county commissioners accepted the proposal on March 29, 1968, to be effective on April 15, 1968. The agent (who was the agent for both Hawkeye and Aetna) and the county commissioners agreed that April 15, 1968, would be the effective date of cancellation of all other policies.

On March 29, 1968, Aetna was informed that its insurance policy was in effect as of April 15, 1968. On April 5, 1968, Aetna filed its certificate of compensation insurance with the Nebraska Workmen's Compensation Court certifying that Aetna insured Otoe County for workmen's compensation liability under a policy effective April 15, 1968, and expiring April 15, 1969. On or before April 10, 1968, Hawkeye was notified that its workmen's compensation policy was canceled as of April 15, 1968. The independent agent specifically testified that there was no agreement as to any dual coverage.

Sometime between April 15 and April 20, 1968, the payroll auditor for Hawkeye was requested by his superiors to audit the Otoe County payroll for the period from April 30, 1967, to April 15, 1968. That audit was done in the usual course of business early in May and the workmen's compensation insurance premium to Hawkeye was predicated and paid on the period ending April 15, 1968.

A notice of cancellation of the Hawkeye insurance policy was received and filed by the workmen's compensation court on April 29, 1968. That notice showed the policy had been canceled effective April 15, 1968. Rule XI of the Nebraska Workmen's Compensation Court required the notice of cancellation to be filed "within ten days after cancellation of the policy." The accident out of which plaintiffs' claims arose occurred April 24, 1968.

It was stipulated that Aetna had paid 50 percent of the benefits due under the Nebraska Workmen's Com-

pensation Act to each of the plaintiffs and that Hawkeye had paid no compensation benefits. Both insurance companies were joined with Otoe County, the employer, as defendants in the workmen's compensation court and in the district court. The one-judge Nebraska Workmen's Compensation Court found that Hawkeye had failed to prove that its policy was canceled prior to the accident of April 24, 1968, and entered judgment against both insurance companies jointly and severally. Hawkeye appealed directly to the district court for Otoe County. The district court affirmed all awards as against Aetna Insurance Company and adjudged Hawkeye to have no liability. It also ordered the addition of the statutory 50 percent penalty for delinquent payments as provided by section 48-125, R. R. S. 1943, and also assessed against Aetna an attorney's fee of $300 for each individual plaintiff represented by counsel.

Aetna concedes that it was the workmen's compensation carrier for Otoe County on the date of the accident, April 24, 1968, but contends that because Hawkeye's notice of cancellation to the workmen's compensation court was not filed within the 10-day period required by Rule XI, Hawkeye's policy was also in effect and there was dual coverage and joint liability.

The issue is one of first impression in Nebraska. It has been considered in various aspects and in varying contexts by many courts. In some states, compensation statutes provide that cancellation of a workmen's compensation insurance policy does not become effective in absence of notice to the compensation commission. Sometimes statutes require either the approval of the commission or the lapse of a specified interval of time in which provision may be made for replacement of the insurance. Some states deal with the issue by regulation or rule. Such rules also vary. Occasionally, statutes, rules, or regulations make exceptions where the employer has procured other insurance within the time limit or provide that the effective date of the new policy

shall be the cancellation date of the old policy. It is, therefore, difficult to compare cases dealing with so many variables.

In Nebraska, by statute, any workmen's compensation policy is required to cover all of the employer's liability, and all compensation awarded under the act. §§ 48-146 and 48-145, R. R. S. 1943. The form of policy approved by the insurance department provides that it may be canceled by the insured by surrender thereof to the company or any of its authorized agents, or by mailing written notice to the company stating when thereafter the cancellation is to be effective. No statute requires the filing of any notice of cancellation of the workmen's compensation insurance policy.

Rule XI does not provide that cancellation of a policy shall not be effective until notice, nor does it require the approval of the compensation court or the lapse of a specified interval of time after notice before the cancellation may be effective. It does not contain any exceptions where new or duplicate coverage has been certified. Rule XI of the Rules of Procedure of the Nebraska Workmen's Compensation Court is titled "Orange Cancellation Card Form 13." Form 13 is entitled "Cancellation of Compensation Insurance." That printed form is to notify the compensation court that a designated policy *"was* cancelled on" a specified date. (Emphasis ours.) Here the notice of cancellation was filed 14 days after the cancellation, 4 days after the expiration of the specified time, and 5 days after the accident. On the date of the accident, the 10 days allowed by Rule XI had not yet expired.

It is established by the evidence here that neither the employer, nor the insurance agent, nor either insurance company, intended any dual coverage. It is also uncontradicted that the premium on the Hawkeye policy was predicated and paid only for the period ending April 15, 1968, and that the Hawkeye policy was canceled and the Aetna policy made effective as of that date.

An analysis of the cases in this area of workmen's compensation law indicates that the basic purpose of the type of rule with which we deal here is to protect the claimant entitled to compensation. In instances where the controversy has been between two insurance companies on a dual coverage theory and one has received and collected premiums and the other has not, the entire liability has often been imposed on the company which received the premiums. See, Musgrave v. Liberty Mut. Ins. Co., 73 Idaho 261, 250 P. 2d 909 (1952); Pucci v. Novel Lithographers, Inc., 29 App. Div. 2d 590, 285 N. Y. S. 2d 362 (1967).

Closely in point on the critical issues in this case is Chevron Oil Co. v. Industrial Commission, —— Colo. ——, 456 P. 2d 735 (1969). The court there held that the failure to notify the compensation commission within 10 days of the cancellation of a workmen's compensation policy in violation of a rule of the commission did not give another compensation insurance carrier standing to complain of noncompliance.

Rule XI of the Rules of Procedure of the Nebraska Workmen's Compensation Court is primarily for the protection of claimants entitled to compensation. Where a workmen's compensation insurance policy is canceled and is replaced by a new policy, issued and certified by another insurance company and effective on the date of cancellation of the old policy, a failure to file notice of cancellation with the workmen's compensation court within the time specified by Rule XI does not in and of itself invalidate the cancellation. A new compensation insurance carrier has no standing to complain of a delay by the former carrier in complying with Rule XI. The new carrier should be held solely responsible for payment of workmen's compensation liability arising on or after the effective date of its policy, and after the date of cancellation of the replaced policy.

Aetna also challenges the judgment of the district court in assessing against Aetna the statutory penalty

for delinquent payments, together with a reasonable attorney's fee. Aetna paid to the claimants only half of the amounts of compensation due. It took the position that Hawkeye was responsible for the remaining half.

Section 48-146, R. R. S. 1943, provides in part: "No policy of insurance against liability arising under this act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to the same *all* benefits conferred by this act, * * *." (Emphasis ours.) If Aetna wished to assert its claim against Hawkeye, there were ample remedies available without delaying or denying plaintiffs the benefits due them. Aetna was chargeable with the statutory penalty for all delinquent payments.

Aetna asserts that the plaintiffs are not entitled to an attorney's fee in the district court because the employer, Otoe County, was not designated as an appellant from the workmen's compensation court. Hawkeye alone was the appellant there. Aetna alone is the appellant here. The language of the relevant portion of section 48-125, R. R. S. 1943, is: "In the event the employer appeals to the district court from the award of the compensation court, or any judge thereof, and fails to obtain any reduction in the amount of such award, the district court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court." It is quite clear that this section is for the benefit of the claimant employee and becomes effective in the event no reduction in the amount of an award is obtained by the employer on an appeal. Aetna's position is that if the appeal is taken only in the name of a workmen's compensation carrier for the employer, but the employer itself is not designated as an appellant, or is designated an appellee, no attorney's fees may be allowed. We cannot agree. The obligation of the compensation insurance carrier or carriers is to pay the

benefits due because of the compensation liability of the insured employer. The extent of that obligation and the limits of it are measured by the employer's liability. Section 48-146, R. R. S. 1943, regarding compensation insurance policies specifically provides: "* * * that jurisdiction of the insured for the purpose of this act shall be jurisdiction of the insurer, and * * * that the insurer shall in all things be bound by the awards, judgments, or decrees rendered against such insured."

Within the context and framework of the Nebraska Workmen's Compensation Act, a workmen's compensation insurance carrier for an employer should be deemed to be an "employer" within the meaning of section 48-125, R. R. S. 1943. In Gill v. Hrupek, 184 Neb. 436, 168 N. W. 2d 377, this court said: "The Workmen's Compensation Act is remedial in nature and its purpose is to do justice to workmen without expensive litigation and unnecessary delay." An employer's compensation insurance carrier should not be permitted to avoid possible liability for an attorney's fee on appeal simply by its failure to join the insured employer as a named appellant. Cases such as Franzen v. Blakley, 155 Neb. 621, 52 N. W. 2d 833, and Fidelity & Casualty Co. v. Kennard, 162 Neb. 220, 75 N. W. 2d 553, are distinguishable. On the facts before us, the district court was correct in allowing a reasonable attorney's fee when the award of the compensation court was not reduced in amount on appeal to the district court.

The judgment of the district court was correct in all respects and is affirmed. Each plaintiff represented by counsel in this court is allowed an attorney's fee of $300 for services in this court.

AFFIRMED.