**FIRST COMP INSURANCE, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado, Pinnacol Assurance, and Erick Jonathan Hernandez Acosta, Deceased, and Dependants, Respondents.**

No. 10CA0608.

Colorado Court of Appeals,
Div. V.

March 31, 2011.

Hall & Evans, L.L.C., Frank M. Cavanaugh, Douglas J. Kotarek, Denver, Colorado, for Petitioner.

No Appearance for Respondents Erick Jonathan Hernandez Acosta, Deceased, and Dependants and Industrial Claim Appeals Office.

Harvey D. Flewelling, Denver, Colorado, for Respondent Pinnacol Assurance.

Opinion by Judge J. JONES.

In this workers' compensation insurance coverage dispute, petitioner, First Comp Insurance (First Comp), seeks review of a final order of the Industrial Claim Appeals Office (Panel) affirming the order of an administrative law judge (ALJ) finding that First Comp was liable for funeral expenses arising out of a workplace fatality. First Comp, which insured the decedent's statutory employer, contends that because Pinnacol Assurance (Pinnacol), the insurer for the decedent's direct employer, failed to properly cancel the direct employer's workers' compensation insurance in accordance with section 8–44–110, C.R.S.2010, Pinnacol is responsible for the decedent's funeral expenses. Because we conclude that First Comp does not have standing to raise this issue, we dismiss the appeal.

## I. Background

The decedent's survivors sought workers' compensation benefits from Pinnacol. At the time of the accident, however, direct employer's workers' compensation insurance through Pinnacol had lapsed for nonpayment of premium. Therefore, Pinnacol declined to provide coverage for the decedent's funeral expenses.

Consequently, the decedent's survivors also sought coverage from First Comp, as the insurer for statutory employer. First Comp also denied coverage, however, on the grounds that Pinnacol had not properly cancelled direct employer's policy and should therefore be primarily responsible for any workers' compensation benefits due the decedent's survivors.

After hearing oral argument on the issue and reviewing documentary evidence and numerous deposition transcripts, the ALJ found that Pinnacol had substantially complied with the statutory cancellation requirements and that the policy Pinnacol had issued to direct employer was not in effect at the time of the accident. The ALJ therefore ordered that First Comp was liable for the decedent's funeral expenses. The Panel affirmed the ALJ's order, holding that substantial evidence in the record supported the ALJ's factual findings, and that, in any event, First Comp lacked standing to raise the issue of Pinnacol's cancellation.

## II. Standing

Pinnacol argues here, as it did before the Panel, that First Comp lacks standing to raise the issue of Pinnacol's compliance with statutory cancellation procedures. We agree.[1]

Because a court does not have jurisdiction over a case unless the plaintiff has standing to bring it, we must determine that First Comp has standing before we can address the merits of its claim. *Ainscough v. Owens,* 90 P.3d 851, 855 (Colo.2004); *see Barber v. Ritter,* 196 P.3d 238, 245 (Colo. 2008). If First Comp does not have standing, its case must be dismissed. *See State*

---

1. Pinnacol moved to dismiss this appeal on standing grounds. A motions division of this court summarily denied the motion and allowed the appeal to proceed. That decision is not binding on us. *See Madison Capital Co., LLC v. Star Acquisition VIII,* 214 P.3d 557, 559 (Colo.App. 2009) (declining to follow earlier ruling of a motions division); *FSDW, LLC v. First Nat'l Bank,* 94 P.3d 1260, 1262–63 (Colo.App.2004) (merits division may reconsider jurisdictional ruling of a motions division).

*Bd. for Community Colleges v. Olson,* 687 P.2d 429, 435 (Colo.1984).

■ To establish standing, a plaintiff must demonstrate (1) that it suffered injury in fact, and (2) that the injury was to a legally protected interest. *Barber,* 196 P.3d at 245; *Ainscough,* 90 P.3d at 855; *Wimberly v. Ettenberg,* 194 Colo. 163, 168, 570 P.2d 535, 538 (1977).

■ An injury in fact may be tangible or intangible. But a remote possibility of future injury or an injury overly indirect or incidental to the defendant's action is not sufficient. *Barber,* 196 P.3d at 246; *Ainscough,* 90 P.3d at 856. In general, this prong of the test requires " 'a concrete adverseness which sharpens the presentation of issues that parties argue to the courts.' " *Ainscough,* 90 P.3d at 856 (quoting *City of Greenwood Village v. Petitioners for Proposed City of Centennial,* 3 P.3d 427, 437 (Colo.2000)).

■ "Whether the plaintiff's alleged injury was to a legally protected interest 'is a question of whether the plaintiff has a claim for relief under the constitution, the common law, a statute, or a rule or regulation.' " *Barber,* 196 P.3d at 246 (quoting in part *Ainscough,* 90 P.3d at 856). Put another way, "[t]he court must determine whether the particular ... provision underlying the claim creates a right or interest in the plaintiff that has been arguably abridged by the challenged ... action." *Olson,* 687 P.2d at 435. When, as here, the question is whether a particular statute confers standing on a particular plaintiff, there are three factors to consider: "(1) whether the statute specifically creates such a right in the plaintiff; (2) whether there is any indication of legislative intent to create or deny such a right; and (3) whether it is consistent with the statutory scheme to imply such a right." *Olson v. City of Golden,* 53 P.3d 747, 752 (Colo.App.2002) (citing *Cloverleaf Kennel Club, Inc. v. Colo. Racing Comm'n,* 620 P.2d 1051 (Colo.1980)).

We need not decide whether First Comp suffered an injury in fact because we conclude that any injury it suffered as a result of Pinnacol's alleged failure to comply with the policy cancellation requirements of section 8–44–110 was not to a legally protected interest. We perceive nothing in the language of the statute or the legislative scheme that confers on First Comp a legal right to challenge Pinnacol's compliance with the statute.

Section 8–44–110 provides, as relevant here, that Pinnacol shall notify an employer it insures, and any agent or representative of any such employer, by certified mail of any cancellation of the employer's coverage. When, as here, cancellation is for nonpayment of premium, such notice may be sent fewer than thirty days before the effective date of the cancellation.[2]

The Colorado Supreme Court has held in analogous circumstances that an insurer that may become liable because of a lapse in another insurer's workers' compensation policy may not challenge the other insurer's compliance with cancellation procedures.

In *Chevron Oil Co. v. Industrial Commission,* 169 Colo. 336, 456 P.2d 735 (1969), the supreme court held that the direct employer of an injured worker did not have in effect a policy of workers' compensation insurance at the time of the worker's injury. Under a statute in effect at the time, "a lessor, conducting its own business by leasing, shall be deemed the employer for work[ers'] compensation purposes, if the lessee, although the direct employer, does not have coverage." *Id.* at 339, 456 P.2d at 736. The insurer for the lessor, Chevron, argued that it should not be held liable for workers' compensation benefits because the direct employer's insurer did not follow the requisite procedures under the applicable rules in cancelling the policy. However, the court held that because such cancellation procedures exist to protect the interests of injured workers, Chevron's in-

**2.** First Comp claimed before the ALJ that Pinnacol had not proved that it had provided notice to direct employer's agent before cancellation, or that it had provided such notice by certified mail. The ALJ concluded that Pinnacol had substantially complied with the notice requirements, finding that direct employer and its agent had actual notice of the impending cancellation in sufficient time to allow direct employer to avoid cancellation or obtain replacement coverage. The ALJ relied on *EZ Building Components Mfg., LLC v. Indus. Claim Appeals Office,* 74 P.3d 516 (Colo.App.2003), for the proposition that substantial compliance with the notice statute is sufficient.

surer was "therefore not a proper party to complain of non-compliance." *Id.* at 342–43, 456 P.2d at 738.

First Comp argues that *Chevron* is inapplicable here because it has "direct statutory liability for any work injuries in the event that a cancellation was not properly completed." We fail to see this as a distinguishing factor, however. Just as the statute at issue in *Chevron* expressly imposed liability on the lessor if the lessee/business owner "does not have coverage" by statutorily deeming the lessor "the employer," *Chevron*, 169 Colo. at 339, 456 P.2d at 736, section 8–41–401(1)(a), C.R.S.2010, imposes liability on statutory employer and its insurer, First Comp:

> Any person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any lessee, sublessee, contractor, or subcontractor ... shall be construed to be an employer as defined in articles 40 to 47 of this title and shall be liable as provided in said articles to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors, and subcontractors and their employees or employees' dependents.

§ 8–41–401(1)(a). Thus, First Comp stands in the same position as the lessor's insurer in *Chevron.*

Nor are we persuaded by First Comp's contention that it has standing on the basis that the current cancellation statute is intended to protect the interests of employers who are potentially liable, as well as those of injured workers. *See Southeastern Colo. Homeless Center v. West*, 843 P.2d 117, 119 (Colo.App.1992) ("the ultimate object of compensation insurance is to assure payment of benefits to injured employees"). But we need not decide whether the statute reflects such an intent because First Comp is not an employer. Nor is First Comp an agent of the direct employer, which allegedly did not receive statutorily required notice. Therefore, First Comp remains outside the class of entities and persons the cancellation requirements are arguably intended to protect. *See People v. Janes*, 942 P.2d 1331, 1335 (Colo. App.1997) (criminal defendant was not within class of persons protected by Americans with Disabilities Act, and therefore lacked stand-ing to claim violation of prospective juror's rights under the Act); *Ablin v. Richard O'Brien Plastering Co.*, 885 P.2d 289, 291–92 (Colo.App.1994) (decedent's siblings were not within class of persons on which wrongful death statute conferred standing); *L & M Enterprises, Inc. v. City of Golden*, 852 P.2d 1337, 1339 (Colo.App.1993) (disappointed bidder was not within class of persons protected by competitive bidding statute, and therefore lacked standing to claim violation of that statute); *cf. Martinez v. Lewis*, 969 P.2d 213, 221–23 (Colo.1998) (party who was not within the class of persons statute was intended to protect could not bring a claim under the statute); *Leake v. Cain*, 720 P.2d 152, 162–63 (Colo.1986) (a breach of a statutory duty is actionable only by one who is a member of the class the statute was intended to protect, and only where the injury is the type the statute was intended to prevent).

We therefore conclude that section 8–44–110 does not confer upon First Comp a legally protected interest in Pinnacol's compliance with the statutory cancellation procedures. Hence, First Comp lacks standing to challenge Pinnacol's cancellation of direct employer's policy. *Cf. Musgrave v. Liberty Mut. Ins. Co.*, 73 Idaho 261, 250 P.2d 909, 911 (1952) (statute providing cancellation procedures applicable to workers' compensation insurance had no application to insurer's contribution claim against other alleged insurer; statute was for protection of employers and injured workers); *Neeman v. Otoe County*, 186 Neb. 370, 183 N.W.2d 269, 272–73 (1971) (as statute providing cancellation procedures applicable to workers' compensation insurance was for protection of injured workers, one insurer had no standing to complain of other insurer's alleged failure to comply with those procedures); *Franklin Mortgage Corp. v. Walker*, 6 Va.App. 108, 367 S.E.2d 191, 193–95 (1988) (same as *Musgrave*; recognizing that statute was for the benefit of injured workers).

The appeal is dismissed.

Judge WEBB and Judge GRAHAM concur.