Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/14/2020 08:08 AM CDT

William Sellers, appellee, v.
Reefer Systems, Inc., appellant.
___ N.W.2d ___

Filed May 22, 2020.    No. S-19-082.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

2. **Judgments: Statutes: Rules of the Supreme Court: Appeal and Error.** Because Nebraska Supreme Court rules are construed in the same manner as statutes, an appellate court does so independently of the conclusion of the lower court.

3. **Attorney Fees: Appeal and Error.** A court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.

4. **Attorney Fees: Statutes: Rules of the Supreme Court: Affidavits: Appeal and Error.** In order to recover statutory "reasonable" attorney fees under Neb. Rev. Stat. § 48-125(4)(b) (Cum. Supp. 2018), the details of the attorney-client agreement is not a necessary component of the affidavit submitted pursuant to Neb. Ct. R. App. P. § 2-109(F) (rev. 2014) for justification of appellate attorney fees.

5. **Statutes: Legislature: Intent.** The intent of the Legislature may be found through its omission of words from a statute as well as its inclusion of words in a statute, and courts are not permitted to read additional words into a clear and unambiguous statute.

6. **Workers' Compensation: Attorney Fees.** When Neb. Rev. Stat. § 48-125(4)(b) (Cum. Supp. 2018) of the Nebraska Workers' Compensation Act does not specify that reasonable attorney fees must have been "incurred," it is improper for a court to add it.

7. **Workers' Compensation.** The Nebraska Workers' Compensation Act should be construed liberally to carry out its spirit and beneficent purpose of providing compensation to employees injured on the job.

 8. **Attorney Fees: Legislature: Public Policy.** The Legislature determined
    as a matter of public policy that the "reasonable attorney's fee" man-
    dated by Neb. Rev. Stat. § 48-125(4)(b) (Cum. Supp. 2018) does not
    depend on the terms of any fee agreement.
 9. **Attorney Fees.** Statutory "reasonable" attorney fees taxed as costs do
    not go directly to the attorney.
10. ____. In order to determine proper and reasonable attorney fees, a court
    considers several factors, including the nature of the litigation, the time
    and labor required, the novelty and difficulty of the questions raised, the
    skill required to properly conduct the case, the responsibility assumed,
    the care and diligence exhibited, the result of the suit, the character and
    standing of the attorney, the customary charges of the bar for similar
    services, and the general equities of the case.

Petition for further review from the Court of Appeals,
Riedmann, Bishop, and Arterburn, Judges, on appeal
thereto from the Workers' Compensation Court, J. Michael
Fitzgerald, Judge. Judgment of Court of Appeals reversed
and remanded with directions.

Tanya J. Hansen, of Smith, Johnson, Allen, Connick &
Hansen, for appellant.

Joel D. Nelson, of Keating, O'Gara, Nedved & Peter, P.C.,
L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Freudenberg, J.
### NATURE OF CASE
In an appeal of a workers' compensation case, wherein the
award to the employee was affirmed, the Nebraska Court of
Appeals denied the employee's motion for attorney fees for his
counsel's appellate work, despite the statutory mandate under
Neb. Rev. Stat. § 48-125(4)(b) (Cum. Supp. 2018) that reason-
able attorney fees shall be allowed to the employee by the
appellate court if the employer files an appeal from a workers'
compensation award and fails to obtain any reduction in the

amount of such award. We hold that the affidavit submitted by the employee's attorney, which mentioned a contingency fee agreement, presented the total number of hours worked on the appeal with a couple of examples of tasks performed, set forth an hourly rate, averred that the total hours claimed were calculated from business records itemizing the same, and averred in the attorney's expert opinion that the hours and rate were reasonable, sufficiently justifies under Neb. Ct. R. App. P. § 2-109(F) (rev. 2014) reasonable attorney fees to which the employee has a statutory right. We reverse the judgment and remand the matter to the Court of Appeals to determine the amount of the fee.

BACKGROUND

William Sellers was injured while working for Reefer Systems, Inc., in 2007. In 2019, the Workers' Compensation Court awarded him permanent total disability benefits. Reefer Systems appealed the award to the Court of Appeals. The Court of Appeals affirmed the award in all respects in a memorandum opinion issued on October 8, 2019.[1]

Sellers timely filed a motion in the Court of Appeals for an award of reasonable attorney fees pursuant to § 48-125(4)(b) for the reason that the employer appealed the trial court decision and there was no reduction in the amount of the award on appeal.

Attached to the motion is the affidavit of Sellers' counsel who worked on the appeal. Counsel avers that he spent 37.8 hours in total on the appeal, beginning April 18, 2019, and ending May 7, and opines that was "a reasonable amount of time for the work involved." Counsel describes that he has been an attorney since 1997 and that since 1999, a substantial portion of his practice has been workers' compensation cases. He avers that his hourly rate ranges from $140 to $245 per hour, that he is generally familiar with hourly rates charged by other

---

[1] *Sellers v. Reefer Systems*, No. A-19-082, 2019 WL 4940200 (Neb. App. Oct. 8, 2019) (selected for posting to court website).

litigation attorneys in this geographic area, and that an hourly rate of $200 per hour for his work on Sellers' appeal would be reasonable and consistent with fees charged in this area for attorneys of similar background and skill.

Counsel avers, further, that he derived the number of hours spent on the appeal from an audit of records maintained by his law firm's staff and himself, consistent with their regular and established business practices. He notes that the audit revealed its first entry on April 18, 2019, as reviewing the bill of exceptions, and, as its last entry, revising Sellers' brief. The hours assigned to these particular tasks is not set forth. No other tasks are specifically delineated. The referenced records were not attached to the affidavit. Counsel notes in the affidavit that he represented Sellers "on a contingent fee." The details of that arrangement are not otherwise described.

The Court of Appeals denied the motion for attorney fees on the ground that counsel's affidavit did not provide sufficient information to justify the reasonableness of the attorney fees sought. The Court of Appeals issued the following minute entry:

> [Sellers'] motion for attorney fees denied. Affidavit fails to justify amount of attorney fees sought. See Neb. Ct. R. App. P. § 2-109(F). See also St. John v. Gering Public Schools, 302 Neb. 269, 923 N.W.2d 68 (2019) (in seeking attorney fee[s], lawyer has burden of proving not only extent and value of services provided, but also existence and terms of fee contract).

We granted Sellers' petition for further review of this order of the Court of Appeals which overruled his motion for attorney fees.

## ASSIGNMENTS OF ERRORS

Sellers assigns that the Court of Appeals erred in (1) overruling Sellers' motion for statutory attorney fees and (2) imposing a burden of proof regarding attorney fees derived from fee disputes between attorneys or between an attorney and client.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[2]

[2] Because Nebraska Supreme Court rules are construed in the same manner as statutes, an appellate court does so independently of the conclusion of the lower court.[3]

[3] A court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.[4]

## ANALYSIS

Section 48-125(4)(b) provides for mandatory attorney fees for appellate work in circumstances where the employer appeals and fails to obtain any reduction in the award:

> If the employer files an appeal from an award of a judge of the compensation court and fails to obtain any reduction in the amount of such award, the Court of Appeals or Supreme Court *shall allow the employee a reasonable* attorney's fee to be taxed as costs against the employer *for such appeal*.

(Emphasis supplied.)

Section 2-109(F) of the Supreme Court rules sets forth the general procedure by which an employee must request the attorney fees allowable under § 48-125(4),[5] inasmuch as it sets forth the procedure for any litigant seeking from our appellate courts attorney fees to which there is a right under law or custom. Section 2-109(F) provides in relevant part:

> Any person who claims the right *under the law* or a uniform course of practice to an attorney fee in a civil case appealed to the Supreme Court or the Court of Appeals

---

[2] *Saylor v. State*, 304 Neb. 779, 936 N.W.2d 924 (2020).

[3] See *Hotz v. Hotz*, 301 Neb. 102, 917 N.W.2d 467 (2018).

[4] See *State ex. Rel. Peterson v. Creative Comm. Promotions*, 302 Neb. 606, 924 N.W.2d 664 (2019).

[5] See *Escobar v. JBS USA*, 25 Neb. App. 527, 909 N.W.2d 373 (2018).

*must* file a motion for the allowance of such a fee *sup-ported by an affidavit which justifies the amount of the fee sought for services in the appellate court.*
(Emphasis supplied.) Sellers' motion for attorney fees pursuant to § 48-125(4)(b) was timely under § 2-109(F), but the parties dispute whether the supporting affidavit adequately justifies "reasonable" attorney fees.

In denying Sellers' motion, the Court of Appeals concluded that the affidavit submitted under § 2-109(F) was inadequate because it did not provide the details of the fee agreement between Sellers and his attorney. This was in error. We have never held that in order to recover statutory "reasonable" attorney fees, the attorney must submit the details of the attorney-client agreement. Neither is such evidence specified in § 2-109(F) as a necessary component to the justification of an appellate attorney fees.

We have affirmed allowances of statutory attorney fees for trial work despite a lack of proof as to any fee agreement. In *Dale Electronics, Inc. v. Federal Ins. Co.*,[6] we held under a statute setting forth the right to "reasonable" attorney fees that the attorney-fee allowance for the work of in-house counsel should be for the time actually engaged in the work to the same extent as outside counsel; evidence of counsel's annual salary was not required. And in *Black v. Brooks*,[7] we affirmed the lower court's award of statutory "reasonable attorney's fees"[8] to which the successful tenant was entitled under Nebraska's Uniform Residential Landlord and Tenant Act (URLTA),[9] even though the tenant was represented on a pro bono basis without any provision under the agreement for payment to the attorney in the event of an award of statutory fees.

---

[6] See *Dale Electronics, Inc. v. Federal Ins. Co.*, 205 Neb. 115, 286 N.W.2d 437 (1979).

[7] *Black v. Brooks*, 285 Neb. 440, 827 N.W.2d 256 (2013).

[8] Neb. Rev. Stat. § 76-1425(2) (Reissue 2009).

[9] Neb. Rev. Stat. §§ 76-1401 to 76-1449 (Reissue 2009).

In *Black*, we indicated that the tenant "need only present some evidence to the trial court upon which the court can make a meaningful award."[10] We observed, "We have never said a fee agreement or any other agreement showing an obligation of the client to pay the attorney fees to the attorney is part of the proof that must be proffered in order to support an award of statutory attorney fees."[11]

We reasoned in *Black* that the amount of the statutory attorney fees under URLTA is not directly tied by the statute to the amount due under a fee agreement and that the public policy goals of encouraging compliance with laws serving the public interest and encouraging settlements are effectively furthered only when the statutory attorney fees under URLTA are awarded for fee-based and pro bono work alike. A landlord who violates URLTA should not "reap the benefits of free representation to the other party."[12] There was nothing in the statutory language of "reasonable attorney's fees" in URLTA that made the recovery of such fees dependent upon a billing obligation, and we held it would be improper to insert the additional term "incurred" into the statute.[13]

[4-6] We now hold that in order to recover statutory "reasonable" attorney fees under § 48-125(4)(b), the details of the attorney-client agreement is not a necessary component of the affidavit submitted pursuant to § 2-109(F) for justification of appellate attorney fees. The intent of the Legislature may be found through its omission of words from a statute as well as its inclusion of words in a statute, and we are not permitted to read additional words into a clear and unambiguous statute.[14] Several attorney fee statutes, such as the one recently addressed

---

[10] *Black, supra* note 7, 285 Neb. at 451, 827 N.W.2d at 264.

[11] *Id.*

[12] *Id.* at 454, 827 N.W.2d at 266.

[13] See *Black, supra* note 7.

[14] See *Stewart v. Nebraska Dept. of Rev.*, 294 Neb. 1010, 885 N.W.2d 723 (2016).

in *TransCanada Keystone Pipeline v. Nicholas Family*,[15] specify that to be recoverable, the reasonable attorney fees must have been "incurred."[16] When § 48-125(4)(b) of the Nebraska Workers' Compensation Act does not specify that reasonable attorney fees must have been "incurred," it is improper for us to add it.

[7,8] We have repeatedly said that the Nebraska Workers' Compensation Act should be construed liberally to carry out its spirit and beneficent purpose of providing compensation to employees injured on the job.[17] It is apparent that the Legislature determined as a matter of public policy that the "reasonable attorney's fee" mandated by § 48-125(4)(b) does not depend on the terms of any fee agreement. Thus, the affidavit submitted under § 2-109(F) in support of attorney fees pursuant to § 48-125(4)(b) does not need to set forth the existence and terms of a fee contract between the employee and the attorney in order to "justify" statutorily mandated "reasonable" attorney fees for the appeal.

The Court of Appeals' reliance on *St. John v. Gering Public Schools*[18] to conclude otherwise is misplaced. *St. John* did not involve attorney fees taxed as costs under a statute or custom. Instead, it involved the question of the attorneys' entitlement under their attorneys' liens for services rendered pursuant to their fee agreements. In an analysis centered around the professional responsibility rules, we held that "while a lawyer with a valid fee agreement is entitled to recover from a client what a

---

[15] *TransCanada Keystone Pipeline v. Nicholas Family*, 299 Neb. 276, 908 N.W.2d 60 (2018).

[16] See, e.g., Neb. Rev. Stat. § 1-148 (Reissue 2012); Neb. Rev. Stat. § 21-281 (Cum. Supp. 2018); Neb. Rev. Stat. § 30-4020 (Supp. 2019); Neb. Rev. Stat. § 50-1515 (Cum. Supp. 2018); Neb. Rev. Stat. § 53-223 (Reissue 2010); Neb. Rev. Stat. § 76-726 (Reissue 2018); Neb. Rev. Stat. § 81-3537 (Reissue 2014); Neb. Rev. Stat. § 85-1510 (Reissue 2014).

[17] *Bortolotti v. Universal Terrazzo & Tile Co.*, 304 Neb. 219, 933 N.W.2d 851 (2019). See Neb. Rev. Stat. § 48-101 (Reissue 2010).

[18] *St. John v. Gering Public Schools*, 302 Neb. 269, 923 N.W.2d 68 (2019).

fee agreement allows to the extent that amount is reasonable, a lawyer is not entitled to recover from a client more than a fee agreement allows."[19] Neb. R. of Prof. Cond. § 3-501.5 provides in part that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

In so holding in *St. John*, we cited to *Hauptman, O'Brien v. Turco*[20] for the proposition which states:

> *In a suit to recover an unpaid fee*, "the lawyer has the burden of persuading the trier of fact, when relevant, of the existence and terms of any fee contract, the making of any disclosures to the client required to render a contract enforceable, and the extent and value of the lawyer's services."

Like *St. John*, *Hauptman, O'Brien* did not involve statutory "reasonable" attorney fees to be taxed as costs in favor of the litigant-client. It was an action to enforce an attorney lien in an amount computed in accordance with the contingent fee agreement. The client asserted that recovery under the contingent fee agreement was excessive for the amount of work actually done, and we held that because the law firm failed to present any evidence in support of its motion for summary judgment as to the "extent and value of the professional services which it performed" during the period of its representation, there was "no factual basis upon which to determine whether or not the claimed fee computed pursuant to the contingent fee agreement is reasonable."[21] This was because collection by the attorney of attorney fees computed pursuant to a contingent fee agreement is still subject to the ethical principle embodied in § 3-501.5 of the professional conduct rules that prohibits a

---

[19] *Id.* at 277, 923 N.W.2d at 75.

[20] See *Hauptman, O'Brien v. Turco*, 273 Neb. 924, 931, 735 N.W.2d 368, 374 (2007) (emphasis supplied), quoting Restatement (Third) of the Law Governing Lawyers § 42(2) (2000).

[21] *Hauptman, O'Brien, supra* note 20, 273 Neb. at 932, 735 N.W.2d at 374.

lawyer from making an agreement for, charging, or collecting an unreasonable fee.

[9] But, as we pointed out in *Black*, statutory "reasonable" attorney fees taxed as costs do not go directly to the attorney.[22] The award of fees for an unsuccessful appeal by an employer in a workers' compensation case is "for the benefit of the claimant employee."[23] Within constitutional limits, the Legislature is free to set statutory attorney fees under the Nebraska Workers' Compensation Act in any amount it deems fit to further the public policy of the act. Attorney fees under § 48-125(4)(b) shall be allowed in an amount that is reasonable. That determination depends on the extent and value of services provided and is not dependent upon a fee agreement.

[10] We find that the affidavit submitted on Sellers' behalf contains sufficient justification of the extent and value of the attorney services provided on appeal to make a meaningful determination of the amount of "reasonable" attorney fees to which Sellers is entitled. In order to determine proper and reasonable attorney fees, a court considers several factors, including the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, the customary charges of the bar for similar services, and the general equities of the case.[24]

Sellers' affidavit did not need to set forth a detailed log of all tasks and the amount of time spent on each task in order to be considered under § 2-109(F) in determining reasonable attorney fees. The affidavit by Sellers' attorney stated

---

[22] See *Black, supra* note 7.

[23] *Neeman v. Otoe County*, 186 Neb. 370, 376, 183 N.W.2d 269, 273 (1971).

[24] See, *Pan v. IOC Realty Specialist*, 301 Neb. 256, 918 N.W.2d 273 (2018); *Kercher v. Board of Regents*, 290 Neb. 428, 860 N.W.2d 398 (2015).

the total number of hours and the applicable rate, and it presented an expert opinion that both were reasonable. The attorney noted a couple of tasks performed and stated that the number of hours claimed had been carefully logged in his law firm's business records.

We also note that the evidence supporting a meaningful determination of reasonable attorney fees on appeal is not limited to the affidavit required under § 2-109(F). It also includes the court's general experience in matters of litigation and what has been produced by the attorney for the appellate court's direct consumption.[25]

The Court of Appeals abused its discretion in concluding that it could not meaningfully determine a "reasonable attorney's fee" pursuant to § 48-125(4)(b), because Sellers' affidavit failed to adequately "justify" one. We reverse the denial of Seller's motion for appellate attorney fees and remand the matter with directions for the Court of Appeals to determine the amount of reasonable attorney fees. Nothing in this opinion should be read as expressing an opinion as to what the amount of attorney fees should be.

## CONCLUSION

For the foregoing reasons, we reverse the judgment and remand the matter to the Court of Appeals with directions.

Reversed and remanded with directions.

---

[25] See, e.g., *Rinderknecht v. Rinderknecht*, 204 Neb. 648, 284 N.W.2d 569 (1979); *Lippincott v. Lippincott*, 152 Neb. 374, 41 N.W.2d 232 (1950); *Specht v. Specht*, 148 Neb. 325, 27 N.W.2d 390 (1947); *Yost v. Yost*, 143 Neb. 80, 8 N.W.2d 686 (1943).